692 So.2d 973 (1997)
Pedro CHOI, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00405
District Court of Appeal of Florida, Second District.
April 25, 1997.
*974 PER CURIAM.
The appellant, Pedro Choi, challenges the trial court's summary denial of his motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.850. The appellant raises two grounds for relief in his motion. We affirm the trial court's denial of his first ground without discussion, but we reverse and remand for further proceedings on his second ground.
The appellant entered a negotiated plea to a ten-count information, which included charges of racketeering, extortion (two counts), armed robbery with a deadly weapon (five counts), possession of a firearm by a convicted felon, and possession of a short-barreled shotgun. Pursuant to the negotiations, the appellant was sentenced within the guidelines range. The appellant alleges that trial counsel advised him that if he refused to accept the plea and went to trial, he would be sentenced to the statutory maximum on each count, with all the sentences running consecutively. The appellant further alleges that he had only one prior conviction and counsel did not explain that, should he go to trial and be convicted, the sentences which the trial court could impose might be limited by the application of the guidelines. He states that had he been properly advised of the effect of the guidelines, he would have gone to trial. In support of its order, the trial court attached the transcript of the change of plea hearing.[1] This transcript, however, does not refute the appellant's claim regarding trial counsel's advice. The appellant's claim is facially sufficient. State v. Leroux, 689 So.2d 235, 237 (Fla. 1996) ("a defendant may be entitled to withdraw a plea entered in reliance upon his attorney's mistaken advice about sentencing"). On remand, should the trial court again summarily deny the appellant's claim, it shall attach those portions of the record that conclusively demonstrate the appellant is entitled to no relief, otherwise the court must conduct an evidentiary hearing. Hoch v. State, 679 So.2d 847 (Fla. 2d DCA 1996).
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and CAMPBELL and NORTHCUTT, JJ., concur.
NOTES
[1] The appellant's sentencing guidelines scoresheet is not part of the record on appeal.