701 So.2d 917 (1997)
Aaron STOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3060.
District Court of Appeal of Florida, Fourth District.
December 3, 1997.
Bernard F. Daley, Jr. of Daley & Associates, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Aaron Stott appeals the trial court's order denying his motion for post-conviction relief based on ineffective assistance of counsel. In his motion, appellant contended that before he entered his plea, his attorney told him that "if he proceeded to trial, he would receive an additional prison sentence of no less than fifteen (15) years for the crime of attempted second-degree murder." Appellant alleged that as a direct result of this statement, he elected not to proceed to trial and to accept the state's plea offer. Appellant claimed that defense counsel's statement was not true, since the maximum sentence he could have received under the sentencing guidelines was 107.5 months. Appellant alleged that he would not have entered into the plea had he understood that he was not a candidate for the mandatory fifteen year sentence. Nothing in the plea colloquy or in the state's response to the motion below conclusively demonstrates that appellant is entitled *918 to no relief on this portion of his claim. See State v. Leroux, 689 So.2d 235, 236 (Fla. 1996); Jones v. State, 680 So.2d 585 (Fla. 4th DCA 1996); Choi v.State, 692 So.2d 973 (Fla. 2d DCA 1997); compare Bond v. State, 695 So.2d 778 (Fla. 1st DCA 1997) (any misunderstanding the defendant may have had about the plea after speaking with his lawyer was corrected by the information the trial court provided during the plea hearing). We reverse that portion of the trial court's order directed at the issue set forth in this paragraph and remand for the trial court to either attach those portions of the record that conclusively demonstrate that the appellant is entitled to no relief, or, otherwise, to conduct an evidentiary hearing.
As to that portion of appellant's claim of ineffectiveness of counsel for failing to explain that appellant had the right to a jury trial and to give testimony in his own behalf, we affirm the order of the trial court denying relief.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GLICKSTEIN, POLEN and GROSS, JJ., concur.