PER CURIAM.
Terry Deering appeals the trial court’s order summarily denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Deering’s motion raised two grounds for relief. We affirm the trial court’s denial of the first ground without discussion, but reverse and remand for further proceedings on the second ground.
Deering pleaded nolo contendere to delivery of cocaine and possession of cocaine, and he was sentenced to twenty-seven months in prison. He alleges that his defense counsel advised him that if he proceeded to trial and lost he would be sentenced to fifteen years in prison. He further alleges that counsel did not inform him that the sentencing guidelines were applicable and that “he only scored out to about forty-six months in prison.” Deer-ing states that, had he been advised of the applicability of the guidelines, he would not have pleaded as he did, but would have gone to trial.
The attachments to the trial court’s order denying Deering’s motion, including the transcript of the plea hearing, do not refute Deering’s allegations. Deering has stated a facially sufficient claim for relief. See Choi v. State, 692 So.2d 973 (Fla. 2d DCA 1997). If he entered his plea based on counsel’s misadvice regarding sentencing, he may be entitled to withdraw the plea. See State v. Leroux, 689 So.2d 235, 237 (Fla.1996). On remand, should the trial court again deny this claim, it shall attach those portions of the record which conclusively refute the claim. Otherwise the court must conduct an evidentiary hearing. See Choi, 692 So.2d at 974.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and FULMER and NORTHCUTT, JJ., concur.