725 So.2d 1228 (1999)
Lanard HOLMES, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3677.
District Court of Appeal of Florida, Fourth District.
January 20, 1999.
Lanard Holmes, Belle Glade, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert R. Wheeler, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The appellant, Lanard Holmes, challenges the trial court's summary denial of his motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.850. Holmes raises three grounds for relief in his motion. We affirm the trial court's denial of the first and third ground without discussion, but we reverse and remand for further proceedings on his second ground.
Holmes alleges that trial counsel advised him that if he went to trial "the chances were great that he would be convicted of each of the charges and would more than likely spend the rest of my life in prison". Holmes alleges that such advice was incorrect as his sentence would be limited by his guidelines score sheet. It appears that Holmes' maximum score sheet sentence was approximately 11 years. The record does not reflect a basis for an upward departure sentence.
We find Holmes' allegations legally sufficient to warrant further review. State v. Leroux, 689 So.2d 235, 236 (Fla.1996); Stott v. State, 701 So.2d 917 (Fla. 4th DCA 1997); Choi v. State, 692 So.2d 973 (Fla. 2d DCA 1997). We have reviewed the transcript of the plea colloquy and note that it does not refute Holmes' allegations; rather, it could have reinforced Holmes' belief that he could spend the rest of his life in prison if convicted after a trial. After the court reviewed Holmes's score sheet and Holmes declined a "last call for trial", the court commented *1229 "This is a life felony, mandatory minimum three years of first degree punishable by life, I'd be afraid to roll the dice in front of the jury ...".[1]
We reverse that portion of the trial court's order directed at the issue set forth above and remand for the trial court to either attach those portions of the record that conclusively demonstrate that the appellant is entitled to no relief, or, otherwise, to conduct an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
POLEN, STEVENSON and SHAHOOD, JJ., concur.
NOTES
[1] We note that Holmes' guideline sentence was approximately eleven years with regard to the home invasion charge. Appellant was charged with five different counts, but pled only to home invasion with a firearm. The state nolle prossed the remaining counts. The record does not reveal what appellant's guideline sentence would have been had he been convicted as charged on each count.