734 So.2d 446 (1999)
Leonarda SIMETON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2327.
District Court of Appeal of Florida, Fourth District.
May 5, 1999.
*447 Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Appellant, Leonarda Simeton ("Simeton"), appeals the denial without an evidentiary hearing of a motion to withdraw his plea as involuntary pursuant to Florida Rule of Criminal Procedure 3.170(l). We reverse.
Simeton pled no contest to possession of cannabis with intent to sell and was adjudicated guilty. He was originally sentenced to one year of community control followed by one year of probation. Due to Simeton's violation of the original community control sentence, his sentence was increased to two years community control and two years probation. Subsequently, Simeton again failed to comply with his sentence and was charged with violating community control.
At the revocation hearing, Simeton pled no contest to violating community control after unsuccessfully attempting to negotiate a plea agreement with the state. The trial court sentenced him to 72 months in state prison. After sentencing, Simeton timely filed a motion to withdraw his plea pursuant to rule 3.170(l) on the grounds that his plea was involuntary. See Fla. R.Crim. P. 3.170(l). In the motion to withdraw his plea, Simeton alleged his no contest plea was involuntary because he entered the plea based on his counsel's assurance that he would serve a prison term of no more than 60 months. The trial court denied Simeton's motion without a hearing.
Generally, a defendant may be entitled to withdraw a plea entered in reliance upon his attorney's mistaken advice about sentencing. See State v. Leroux, 689 So.2d 235, 237 (Fla.1996). In addition, "[w]hen no evidentiary hearing is held, the allegations of a defendant's motion for post-conviction relief must be accepted as true, except to the extent that they are conclusively rebutted by the record." Montgomery v. State, 615 So.2d 226, 228 (Fla. 5th DCA 1993) (citations omitted). The record on appeal does not conclusively rebut Simeton's allegation that he pled no contest because his counsel misrepresented the length of the sentence he would serve. Therefore, this allegation must be accepted as true. See id. Accepting Simeton's allegation as true, we hold he alleged sufficient grounds entitling him to an evidentiary hearing on his motion to withdraw his plea. See id.; see also Leroux, 689 So.2d at 237.
Although rule 3.170(l) does not expressly require a trial court to hold an evidentiary hearing, we hold that due process requires a hearing unless the record conclusively shows the defendant is entitled to no relief. In this case, nothing in the record refutes Simeton's allegation that his no contest plea was involuntary because he entered the plea based on the advice of his counsel that he would serve a prison term of no more than 60 months. Therefore, we reverse the Order on Defendant's Motion to Withdraw Plea and remand the case for the trial court to provide Simeton with a hearing to determine the voluntariness of his plea.
GUNTHER and TAYLOR, JJ., concur.