PER CURIAM.
Appellant Peter Ruiz appeals the order denying his postconviction motion without evidentiary hearing. Ruiz pled guilty to the charge of trafficking in excess of 400 grams cocaine, in violation of Florida Statutes section 893.135 (1997), in exchange for a negotiated sentence of ten years, later mitigated to nine. Ruiz claimed that his attorney had misadvised him about length of the sentence he was facing under the guidelines if he rejected the state’s plea offer in favor of going to trial, telling him that he faced a maximum guidelines sentence of 132 months. According to Ruiz, the guidelines called for a maximum sentence of only 80 months.
The order on appeal denied the motion based on the response that the state filed in the trial court. In that response, the state argued that because the plea agreement was not conditioned on the negotiated sentence being within the guidelines range, even if counsel did misinform Ruiz, the error was harmless. If that were the end of the matter, we would be required to reverse and remand for an evidentiary hearing. See, e.g., Holmes v. State, 725 So.2d 1228 (Fla. 4th DCA 1999).
However, on appeal, the state correctly pointed out that Ruiz was not eligible for a guidelines sentence. If he had gone to trial and had been convicted, he would have faced a mandatory minimum sentence of fifteen years under Florida Statutes section 893.135(l)(b)l.c. The state agrees that if Ruiz’ allegations are true, his attorney misinformed him about the sentence he was facing, but argues that counsel’s error did not result in any prejudice because it had the effect of making the plea offer seem to be less beneficial than it really was.
We agree with the state that Ruiz cannot demonstrate that he was prejudiced by counsel’s misadvice. If he was willing to enter a plea to avoid what he believed to be a guidelines sentence of eleven years, then he cannot argue that he would have decided to forego the plea had he known that he was really facing a mandatory minimum sentence of fifteen years. For that reason, we affirm.
DELL, FARMER and SHAHOOD, JJ., concur.