770 So.2d 276 (2000)
Richard KEMNER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2459.
District Court of Appeal of Florida, Fourth District.
November 1, 2000.
Eugene S. Garrett, Boca Raton, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Richard Kemner appeals the denial of his postconviction motion to vacate his pleas to two violations of probation and two new criminal charges. One of his allegations was that his pleas in these cases were induced by his counsel's misadvice that he would receive a life sentence if he went to trial and was convicted.
The order on appeal attached the transcript of the change of plea hearing. At that hearing, the trial court advised Kemner of the sentence he would receive under the plea agreement offered by the state and the guidelines range he would be subject to if he entered an open plea to the court. The trial court adopted the state's position that this corrected the attorney's misstatement, or at least required Kemner to ask about counsel's contrary advice.
We disagree. The trial court's advice was limited to the sentences Kemner could receive if he entered a plea. It was not necessarily inconsistent with the advice he says he received about the sentence he faced if he went to trial. The transcript therefore did not conclusively refute this allegation. See State v. Leroux, 689 So.2d 235, 237 (Fla.1996)(the plea colloquy must be "so clear or so inconsistent with the claim so as to `conclusively' rebut it"). We have considered Jones v. State, 680 So.2d 585 (Fla. 4th DCA 1996), on which the state relies, and find it distinguishable. This case more closely resembles the situations in Holmes v. State, 725 So.2d 1228 (Fla. 4th DCA 1999), and Stott v. State, 701 So.2d 917 (Fla. 4th DCA 1997), in which this court found that the information provided during the plea colloquy did not conclusively rebut counsel's alleged misadvice about the sentence that could be imposed after trial.
We reverse and remand for attachment of additional portions of the record that conclusively demonstrate that the appellant is entitled to no relief or for an evidentiary hearing. Since Kemner's remaining *277 claims were properly denied, the proceedings on remand shall be limited to this ground only.
REVERSED and REMANDED.
WARNER, C.J., DELL and KLEIN, JJ., concur.