820 So.2d 1026 (2002)
Immer Eliezer VENTURA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2648.
District Court of Appeal of Florida, Fourth District.
July 3, 2002.
Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, C.J.
The issue presented by this appeal is whether a defendant has a right to be heard on a motion to withdraw a plea when that motion is filed within 30 days of sentencing. We answer that question in the affirmative and remand for further proceedings consistent with this opinion.
Immer Eliezer Ventura pled no contest to three sexually based crimes, kidnaping, and burglary of a conveyance with an assault and battery, and was sentenced to a total thirty-year term on all charges on June 8, 2001. Ventura was provided with an interpreter and was informed of the consequences of his plea. He personally affirmed that he understood the terms of the plea agreement as read to him by the interpreter, that his counsel answered any questions he had, and that he entered into the plea agreement voluntarily.
On July 5, 2001, within 30 days of sentencing, Ventura filed a pro se notice of appeal and simultaneously moved to withdraw his plea on the ground that, based on the advice of defense counsel, he thought *1027 his only alternative to pleading guilty was to face life in prison. He claimed he did not know he had the right to an adversarial hearing. The trial court summarily denied the motion and this appeal followed.
Rule 3.170(f) of the Florida Rules of Criminal Procedure pertains to motions to withdraw pleas filed before sentencing. Ventura filed his plea after sentencing. Thus, rule 3.170(f) did not provide the trial court with a basis to rule on Ventura's motion. However, rule 3.170(1) did.
Rule 3.170(1) provides that a defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(B)(i)(v). Ventura did just that and was therefore entitled to file the motion and to be heard on it.
The trial court never addressed the merits of the motion at a hearing and as a result limited Ventura's ability to proceed at this critical stage in the proceedings. See Padgett v. State, 743 So.2d 70 (Fla. 4th DCA 1999) (holding hearing on motion filed under rule was a critical stage in the criminal proceedings.) We hold that Ventura was entitled to such a hearing and accordingly reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
KLEIN and TAYLOR, JJ., concur.