837 So.2d 507 (2003)
James Daniel SNODGRASS a/k/a James Daniel Cannon, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4889.
District Court of Appeal of Florida, Fourth District.
January 22, 2003.
*508 Carey Haughwout, Public Defender, Jeffrey Anderson, Assistant Public Defender, and Samuel A. Walker, Assistant Public Defender, Certified to Practice as a Member of an Out-of-State Bar, West Palm Beach, for appellant.
Charlie Crist, Attorney General, Tallahassee, and Frank J. Ingrassia, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
After entering an open plea to the court on various violation of probation and substantive charges, appellant filed a pro se motion to withdraw his plea. He claimed that his trial counsel told him it was in his best interest to enter the pleas because his sentences would run concurrently and the sentence on the cocaine possession charge would be "around [a] Guideline Sentence of 18 months." Appellant received a five-year sentence on the cocaine charge to be served consecutively to the sentence on the violations of probation.
The court denied the motion to withdraw plea without an evidentiary hearing.
Where a motion to withdraw a plea occurs after sentencing, the appellant has the burden of proving that "a manifest injustice has occurred." LeDuc v. State, 415 So.2d 721, 722 (Fla.1982); State v. Wiita, 744 So.2d 1232, 1234 (Fla. 4th DCA 1999). This is a more stringent standard than a motion to withdraw a plea filed before sentencing; the burden falls on the defendant to prove that withdrawal is necessary to correct the manifest injustice. See Scott v. State, 629 So.2d 888, 890 (Fla. 4th DCA 1993).
The critical question here is whether the trial court erred in denying the motion to withdraw plea without a hearing. A defendant's entry of a plea based upon his attorney's mistaken advice about sentencing can be a basis for allowing a defendant to withdraw the plea. See State v. Leroux, 689 So.2d 235, 237 (Fla.1996); Simeton v. State, 734 So.2d 446, 447 (Fla. 4th DCA 1999). If the trial court decides not to hold an evidentiary hearing, "the allegations of a defendant's motion for post-conviction relief must be accepted as true, except to the extent that they are conclusively rebutted by the record." Simeton, 734 So.2d at 447 (quoting Montgomery v. State, 615 So.2d 226, 228 (Fla. 5th DCA 1993)).[1]
*509 "Although rule 3.170(l) [of the Florida Rules of Criminal Procedure] does not expressly require a trial court to hold an evidentiary hearing, ... due process requires a hearing unless the record conclusively shows the defendant is entitled to no relief." Id.
This case is controlled by Simeton. There, the defendant moved to withdraw his plea after being sentenced to seventy-two months in prison, arguing that his trial counsel had assured him that he would not be sentenced to more than sixty months in prison. See id. Though the trial court denied appellant an evidentiary hearing, this court reversed and remanded for such a hearing:
In this case, nothing in the record refutes Simeton's allegation that his no contest plea was involuntary because he entered the plea based on the advice of his counsel that he would serve a prison term of no more than 60 months.
Id.; see also Ventura v. State, 820 So.2d 1026 (Fla. 4th DCA 2002) (finding that appellant was entitled to an evidentiary hearing regarding his motion to withdraw plea based upon allegation that counsel had [incorrectly] informed the appellant prior to the plea hearing that his only alternative to accepting a plea was to face life in prison).
If the allegations in appellant's motion are accepted as true, he entered his plea to the pending criminal charges based upon his attorney's mistaken advice that appellant would face around eighteen months in prison for the cocaine possession offense.
The plea colloquy included a lengthy discussion with appellant regarding the violation of probation charges. However, the trial court did not explain to appellant the maximum potential sentence for the cocaine possession charge and that he had a right to a jury trial on that charge. It is true that appellant signed a written plea form containing the maximum penalty and describing the court's discretion in sentencing. The existence of a signed plea form is evidence relevant to the motion to withdraw. Nonetheless, given the very limited coverage of the substantive cocaine charge in the plea colloquy, we cannot say that this record conclusively shows that appellant is entitled to no relief, sufficient to deny the motion without a hearing. See, e.g., Ventura, 820 So.2d at 1026 (Appellant affirmed at plea hearing that he personally understood the terms of his plea agreement and was informed of the consequences of his plea; the appellant was nonetheless entitled to a hearing on the merits of his motion to withdraw based on allegations of trial counsel misadvice and coercion.); Kemner v. State, 770 So.2d 276 (Fla. 4th DCA 2000) (Transcript of hearing did not conclusively rebut appellant's allegation that his plea was induced by his counsel's misadvice that he would receive a life sentence if he went to trial and was convicted.); Holmes v. State, 725 So.2d 1228 (Fla. 4th DCA 1999) (holding that appellant was entitled to evidentiary hearing based on allegation his trial counsel told him he would most likely face a life sentence if he went to trial, when the maximum sentence for the charge he plead guilty to was eleven years); Stott v. State, 701 So.2d 917 (Fla. 4th DCA 1997) (finding that nothing in plea colloquy conclusively rebuts appellant's allegation that his attorney incorrectly told him that if he went to trial he would face a minimum sentence of at least fifteen years, when the maximum possible sentence was 107.5 months).
*510 On the constitutional challenge, we affirm based on Sawyer v. Florida, 819 So.2d 966 (Fla. 4th DCA 2002).
Affirmed in part, reversed in part, and remanded for an evidentiary hearing on appellant's motion to withdraw his plea.
POLEN, C.J., SHAHOOD and GROSS, JJ., concur.
NOTES
[1] Subsequently, after Simeton, this court declared that a motion to withdraw a plea within thirty days of sentencing, pursuant to rule 3.170(l), is not "one seeking collateral or `postconviction' relief." Padgett v. State, 743 So.2d 70, 72 (Fla. 4th DCA 1999).