857 So.2d 339 (2003)
Yolanda Denise EXILORME a/k/a Yolanda Pinkney a/k/a Yolanda Pickney a/k/a Yolanda Pinckney, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3197.
District Court of Appeal of Florida, Second District.
October 17, 2003.
James Marion Moorman, Public Defender, and Steven L. Bolotin, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine V. Blanco, Senior Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Yolanda Exilorme challenges the trial court's entry of a final judgment of restitution ordering her to pay Burdines Department Stores (Burdines) $2215.24. Because the trial court erred in establishing a restitution amount without a restitution hearing as required by section 775.089, Florida Statutes (2002), we reverse and remand for further proceedings.
Exilorme was arrested for grand theft arising from an incident at Burdines. Thereafter, she entered into a waiver of prosecution agreement with Burdines, wherein she agreed to a restitution amount and allegedly made some payments pursuant to its terms. Because the waiver of prosecution was not binding on the State, there is no debate that the ensuing prosecution was nevertheless valid. However, once the State exercised its discretion to *340 prosecute, Exilorme stopped making further restitution payments on advice of her defense attorney.
Ultimately, Exilorme entered an open, no contest plea to grand theft. In support of her request for mitigation, she submitted a copy of her agreement with Burdines and her repayment schedule. At the sentencing hearing, Exilorme again referred to her agreement with Burdines and indicated she had paid a portion of the restitution amount. The trial court sentenced Exilorme to forty-eight months' imprisonment, and although there was discussion concerning restitution, there was no agreement as to an actual balance due, nor was an amount set at that time. Under these circumstances, it cannot be said that the sentencing hearing also constituted a restitution hearing as contemplated by section 775.089, nor does the State advocate this position. Two days later, without conducting any other hearing or giving any further notice or opportunity to object, the trial court entered a final judgment of restitution ordering Exilorme to pay Burdines $2215.24, which apparently represented the full amount she had agreed to pay in the waiver of prosecution agreement. No mention of any offset for the alleged partial payments was noted. This was error.
Section 775.089(7) requires a hearing, before restitution is imposed, to determine the amount owed to the victim as well as the defendant's ability to pay. It is reversible error to impose restitution without notice or a hearing. Allen v. State, 718 So.2d 1264 (Fla. 2d DCA 1998); Faulkner v. State, 620 So.2d 794 (Fla. 1st DCA 1993); Burch v. State, 617 So.2d 846 (Fla. 4th DCA 1993). The State argues that State v. Sanderson, 625 So.2d 471 (Fla.1993), allowed the trial court to forego the hearing under the instant facts. The issue in Sanderson was whether a trial court lost jurisdiction to determine the amount of restitution if it had not done so within sixty days of imposing sentence. Id. at 472. The Florida Supreme Court held that the trial court must order restitution at sentencing or within sixty days of sentencing and that if it did, it would not lose jurisdiction to determine the amount later. Id. at 473. Exilorme does not contend that the court was without jurisdiction to order restitution, only that the amount was determined without a hearing. Nothing in Sanderson contemplates determining the amount of restitution without a hearing.
The State also argues that because Exilorme admitted the total amount owed to Burdines as part of her request for mitigation, no hearing was required. This might be correct if Exilorme were arguing that her plea did not include an agreement to pay any restitution. However, in this context, Exilorme is contesting only the amount of restitution, not her liability to pay whatever restitution is actually found owing at a properly held and noticed hearing.
Subsections 775.089(6) and (7) require a hearing to determine both the defendant's ability to pay and the amount owed. While ability to pay is obviously less important in restitution lien cases when there is no probation to enforce collection, a hearing is still required. See Denmark v. State, 588 So.2d 324, 325 (Fla. 4th DCA 1991). More important, Exilorme is entitled to a hearing to determine the offset amount for any sums she has paid against the total restitution due. See Bowman v. State, 698 So.2d 615 (Fla. 2d DCA 1997). Therefore, we reverse and remand with instructions to the trial court to conduct a hearing to determine the *341 amount of restitution due in accordance with section 775.089.
Reversed and remanded.
DAVIS and CANADY, JJ., concur.