ALTENBERND, Chief Judge.
James Bettis appeals his judgments and sentences. He challenges the order denying his motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(Z), which was entered without an evidentiary hearing. Because the trial court imposed a split sentence that was substantially longer than the agreed upon maximum sentence of imprisonment, and the record does not establish that Mr. Bettis understood that he was agreeing to such a split sentence, we conclude that the trial court’s order must be reversed and the matter remanded for an evidentiary hearing on the motion.
Mr. Bettis struck a child with his car on March 27, 2000. The child sustained serious injuries, and Mr. Bettis fled the scene of the accident. As a result, the State charged him with culpable negligence and leaving the scene of an accident involving injury. Because of the injuries, the minimum permissible sentence without a downward departure was 32.1 months’ imprisonment. Mr. Bettis negotiated a plea to a downward departure sentence. The trial court accepted Mr. Bettis’s plea of no contest whereby he was promised he would be “sentenced to nothing more severe than 2.9 years in the state prison.” Thereafter, the trial court found that Mr. Bettis qualified as a youthful offender and ultimately sentenced him to two concurrent sentences of two years’ state prison followed by three *586 years’ probation. Thus, the full length of the split sentence totaled five years.
Mr. Bettis filed a motion to withdraw plea after sentencing pursuant to rule 3.170(i), arguing that the trial court’s sentence was in violation of the terms of the plea agreement as he understood it, or in the alternative, that the plea was involuntary. The trial court denied the motion to withdraw plea without holding an eviden-tiary hearing, finding that it was obvious from the transcript that the sentence imposed was a contemplated alternative to the 2.9-year cap of imprisonment under the terms negotiated.
From our review of the record, the discussions during the plea hearing and during the sentencing hearing regarding possible youthful offender status reflect that the terms of the plea agreement were ambiguous. It is not clear whether Mr. Bet-tis understood that he could receive a split sentence of imprisonment and probation that together would increase his risk for a more severe term of imprisonment. The sentence imposed is not a true split sentence but a probationary split sentence. If Mr. Bettis were to violate the terms of his probation, the sentence on violation would not appear to be limited to 2.9 year’s imprisonment with credit for time served. Thus, the record does not conclusively refute Mr. Bettis’s assertions that the agreement did not contemplate any sentence that exceeded a total term of imprisonment and supervision in excess of 2.9 years.[1]
Because the record fails to show that Mr. Bettis' is not entitled to relief, we reverse and remand for an evidentiary hearing. See Iaconetti v. State, 869 So.2d 695 (Fla. 2d DCA 2004) (citing Daniel v. State, 865 So.2d 661 (Fla. 2d DCA 2004); Snodgrass v. State, 837 So.2d 507, 508 (Fla. 4th DCA 2003)).
Reversed and remanded.
FULMER and KELLY, JJ„ Concur.

. Although not preserved below or argued on appeal, we note that the charge of culpable negligence in this case is a first-degree misdemeanor and the imposed sentence as to that charge is facially illegal,