TAYLOR, J.
 

 The defendant moved to withdraw her no contest plea to armed robbery after sentencing. She alleged that she committed the crime because her co-defendants threatened to harm her and members of her family if she failed to co-operate. However, her attorney failed to advise her of the availability of the defenses of duress and necessity. Defendant appeals an order summarily denying her motion to withdraw her plea. Because the allegations in the defendant’s motion were not conclusively rebutted by the record, the trial court erred in denying her motion without holding an evidentiary hearing. Accordingly, we reverse and remand for an evi-dentiary hearing.
 

 The defendant was charged with robbery with a firearm. She worked at the McDonald’s restaurant where the robbery occurred. To facilitate the robbery, she told a co-defendant when a McDonald’s employee would be making the nightly bank deposit. The co-defendant robbed the employee with a firearm as she was leaving the restaurant. The co-defendant and his driver fled the scene but got involved in a motor vehicle crash. They telephoned the defendant and told her to pick them up in her car. The police saw the defendant picking them up and apprehended them soon thereafter.
 

 The defendant entered an open plea. She signed a written plea form and engaged in the standard plea colloquy with the court. After her plea was accepted, the defendant moved for a downward departure sentence. The court denied her motion and sentenced her to the minimum guidelines sentence of forty-eight months.
 

 The defendant timely filed a motion to withdraw her plea. In her motion she alleged that her male co-defendants coerced her to participate in the robbery by threatening to cause serious bodily inju
 
 *1245
 
 ry or death to her and her mother and sister if she did not co-operate. She alleged that she was particularly vulnerable to these threats because she is of small stature and physically delicate due to a life-threatening heart condition. She alleged that she had no reasonable means of avoiding the danger posed by these men because her family, which consisted only of females, could not protect her. She alleged that the defenses of duress or necessity were viable defenses under the totality of circumstances, but that her counsel failed to advise her or fully inform her about their availability. As such, her plea was not knowingly and voluntarily entered.
 

 The trial court summarily denied the motion, finding that her allegations were insufficient to state a claim of involuntariness and demonstrate “manifest injustice.” Further, the court found the motion deficient in that the defendant failed to allege that she would not have entered her plea had she known of these alleged defenses.
 

 A defendant who files a facially sufficient motion to withdraw a plea is entitled to an evidentiary hearing on the issue unless the record conclusively refutes the allegations.
 
 Woodly v. State,
 
 937 So.2d 193, 196 (Fla. 4th DCA 2006);
 
 Snodgrass v. State,
 
 837 So.2d 507, 508 (Fla. 4th DCA 2003);
 
 Ventura v. State,
 
 820 So.2d 1026 (Fla. 4th DCA 2002). If the trial court does not hold an evidentiary hearing, the allegations of the defendant’s motion must be taken as true, except to the extent that they are conclusively rebutted by the record.
 
 Snodgrass,
 
 837 So.2d at 508.
 

 A defendant may move to withdraw a plea “only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e) except as provided by law.” Fla. R.Crim. P. 3.170(Z) (2008). Here, the defendant based her motion on the ground that her plea was involuntary, a recognized ground under Rule 9.140(b)(2)(A)(ii). Where a motion to withdraw a plea is filed after sentencing, the defendant has the burden of proving that a manifest injustice has occurred and that withdrawal is necessary to correct the manifest injustice.
 
 State v. Partlow,
 
 840 So.2d 1040, 1042 (Fla.2003);
 
 Woodly,
 
 937 So.2d at 198.
 

 In
 
 Woodly,
 
 we recognized that misadvice of counsel as to the availability of defenses can demonstrate the requisite manifest injustice. There, the defendant sought to withdraw his plea because his attorney had failed to inform him of the availability of the defenses of “independent act” and “mere presence.” But because the defendant did not show circumstances demonstrating that these defenses were available, we upheld the trial court’s denial of his motion to withdraw the plea on that ground.
 

 In
 
 Smith v. State,
 
 719 So.2d 1017, 1017-18 (Fla. 4th DCA 1998), the defendant alleged in his post-conviction motion that his counsel misadvised him as to the availability of the defense of voluntary intoxication and that he would not have entered a plea but for counsel’s misadvice. We held that the defendant raised a legally sufficient claim of ineffective assistance of counsel and reversed the denial of his motion on this ground.
 

 When a defendant is seeking to set aside a plea on the ground of ineffective assistance of counsel, he must state that he would not have entered a plea but for counsel’s mistaken advice.
 
 See Brazeail v. State,
 
 821 So.2d 364, 367-68 (Fla. 1st DCA 2002) (explaining that the prejudice prong of
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) is satisfied when the defendant states that, but for counsel’s errors, he would not have pleaded guilty). In this case, the trial
 
 *1246
 
 court denied the defendant’s motion to withdraw her plea because she did not allege that she would not entered her plea had she known about the availability of the defenses of duress and necessity. However, the defendant did not base her motion to withdraw on the ground of ineffective assistance of counsel but, rather, on the ground that her plea was not voluntarily, knowingly, and intelligently entered because she received no advice or inadequate advice as to these available defenses. She thus stated a colorable claim for relief under Florida law, which requires that pleas be voluntarily and knowingly entered. Her claim is cognizable, independent of an ineffective assistance of counsel claim.
 
 See Brazeail,
 
 821 So.2d at 366.
 

 We therefore reverse the trial court’s summary denial of the defendant’s motion to withdraw and remand this case for an evidentiary hearing.
 

 Reversed and Remanded for an eviden-tiary hearing.
 

 GROSS, C.J. and HAZOURI, J., concur.