WARNER, J.
Appellant, Ronnie Creek, violated his probation, on which he was placed for the crimes of burglary of a conveyance, battery on a person sixty-five years of age or older and criminal mischief. Creek admitted to having violated his probation, pled open to the court, and was sentenced to sixty months in state prison. His attorney then filed a motion for rehearing and to set aside his plea, which was treated as a motion pursuant to Florida Rule of Criminal Procedure 3.170(1). The motion alleged that, after sentencing, the attorney discovered for the first time that Creek suffers from severe mental illness, has received treatment and has been “Baker Acted” in the past. During Creek’s plea and sentencing hearing, he was under the influence of Prozac, Vistaril, Robaxin, and Tegretol. Because of his mental condition, his plea was not knowing and voluntary. The state responded, claiming that the plea colloquy conclusively refuted that contention. We reverse.
Although the plea colloquy was extensive, the trial court did not ask Creek about his mental capacity or his drug use. Therefore, the record does not conclusively refute the allegations in the motion. See Panchu v. State, 1 So.3d 1243, 1245 (Fla. 4th DCA 2009) (“A defendant who files a facially sufficient motion to withdraw a plea is entitled to an evidentiary hearing on the issue unless the record conclusively refutes the allegations.”). We remand for an evidentiary hearing on the motion.

Reversed and remanded.

POLEN and STEVENSON, JJ., concur.