STEVENSON, J.
Appellant was charged with aggravated assault with a deadly weapon and entered an open plea of no contest. The trial court sentenced appellant to fifty-four months imprisonment, followed by six months probation. The trial court also entered a cost order of $891 in favor of the Crimes Compensation Trust Fund for counseling services and a restitution order *1052 of $891 for the same. Thereafter, appellant filed a motion to withdraw plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(i), which the trial court denied after a hearing. The appellant alleged that he misunderstood the consequences of the plea and believed that he would be sentenced to no more than one year. We find no abuse of discretion in the trial court’s denial of the motion to withdraw plea since the plea colloquy and the evidence presented at the hearing support the trial court’s determination that appellant was not misled as to the possible consequences of his open plea. However, we agree with appellant that the restitution order must be stricken as the trial court orally pronounced the cost order of $891 in favor of the Crimes Compensation Trust Fund, but restitution was never addressed at the hearing. See Exilorme v. State, 857 So.2d 339, 340 (Fla. 2d DCA 2003) (noting that the imposition of restitution requires notice and a hearing). It appears that the restitution order in the instant case was simply entered by mistake.

We affirm the sentence but vacate the restitution order.

WARNER and TAYLOR, JJ., concur.