GROSS, J.
We reverse the circuit court’s order denying appellant’s motion to withdraw his no contest plea after sentencing and remand for further proceedings. Fla. R.Crim. P. 3.170(0-
Appellant contends that his lawyer failed to correctly advise him about the immigration consequences of his plea. See generally Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). During the plea colloquy, the judge advised appellant that his conviction “may” result in deportation. Fla. R.Crim. P. 3.172(c)(8). Appellant claims he was misled because he pled to “aggravated” felonies under the *1081 Immigration and Nationality Act, 8 U.S.C. § 1101(a)(4S)(F), mandating his deportation under 8 U.S.C. § 1227(a)(2)(A)(iii). The Florida Supreme Court has held that an equivocal warning, such as the one appellant received, is not by itself sufficient to conclusively refute a claim that counsel was ineffective in failing to advise a defendant about “truly clear” deportation consequences. Hernandez v. State, — So.3d -, 37 Fla. L. Weekly S730, 2012 WL 5869660, at *4 (Fla. Nov. 21, 2012) (abrogating in part this court’s holding in Flores v. State, 57 So.3d 218, 220-21 (Fla. 4th DCA 2010), which held that the “may” warning refutes such a claim).
“Where a motion to withdraw a plea is filed after sentencing, the defendant has the burden of proving that a manifest injustice has occurred and that withdrawal is necessary to correct the manifest injustice.” Panchu v. State, 1 So.3d 1243, 1245 (Fla. 4th DCA 2009) (citing State v. Partlow, 840 So.2d 1040, 1042 (Fla.2003); Woodly v. State, 937 So.2d 193, 198 (Fla. 4th DCA 2006)). “This is a more stringent standard than a motion to withdraw a plea filed before sentencing; the burden falls on the defendant to prove that withdrawal is necessary to correct the manifest injustice.” Snodgrass v. State, 837 So.2d 507, 508 (Fla. 4th DCA 2003). To make such a showing under Rule 3.170((), a defendant must establish the same criteria that would be required of him in a Rule 3.850 motion for postconviction relief. In Cano v. State, 112 So.3d 646, (Fla. 4th DCA 2013), we described what a movant must establish in these circumstances:
Where a movant has received the standard “may” or “could” deportation warning required by rule 3.172(c)(8), to state a claim for relief under Padilla, a mov-ant must establish the following: (1) that the movant was present in the country lawfully at the time of the plea; (2) that the plea at issue is the sole basis for the movant’s deportation; (3) that the law, as it existed at the time of the plea, subjected the movant to “virtually automatic” deportation; (4) that the “presumptively mandatory” consequence of deportation is clear from the face of the immigration statute; (5) that counsel failed to accurately advise the movant about the deportation consequences of the plea; and (6) that, if the movant had been accurately advised, he or she would not have entered the plea.
Id. at *1.
Here, the trial court denied appellant’s claim based on the “may” warning given during the colloquy. The law is now clear that the “may” warning is not alone sufficient to refute the claim where the deportation consequence is truly clear and automatic from the face of the immigration statute. We therefore remand for further proceedings consistent with this opinion. To be entitled to relief, appellant must establish the criteria set forth above.
FORST, J., and ROSENBERG, ROBIN, Associate Judge, concur.