IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CURRAN FRITZ LANE,

      Appellant,

 v.                                    Case No.  5D16-3679

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 4, 2017

Appeal from the Circuit Court
for Marion County,
Anthony M. Tatti, Judge.

Henry G. Gyden, of Gyden Law Group,
Tampa, and Warren Hope Dawson, of
Dawson & Associates, Tampa, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Allison L. Morris,
Assistant Attorney General, Daytona
Beach, for Appellee.

ORFINGER, J.

Curran Fritz Lane timely appeals the denial of his motion to withdraw plea, arguing that his plea was involuntary because he was unaware of a valid defense to the alleged violation of probation.  We conclude Lane is entitled to an evidentiary hearing and reverse.

After Lane was originally placed on sexual offender probation with electronic monitoring, an affidavit of violation of probation was filed, alleging that he violated his probation when his electronic monitor failed to record his location for twenty-six minutes. Lane admitted the violation at his arraignment. He explained that he was only outside the range of the GPS because when he came home from work, he found that continuous rain from Tropical Storm Colin caused his pool and backyard to overflow with water, threatening to enter the home through the back doors. Lane claimed that he placed the GPS unit on the counter to keep it dry while he went outside to prevent the home from flooding. Despite this explanation, the trial court revoked Lane's probation and sentenced him to eighty-six months in state prison. Lane timely filed a motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(*l*), claiming, among others, that his plea was involuntary as his counsel had not explained to him that he had an available defense because his violation had to be willful and substantial. The trial court denied the motion without an evidentiary hearing.

Florida Rule of Criminal Procedure 3.170(*l*) applies to motions to withdraw a plea made after sentencing and provides:

> A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)–(e) except as provided by law.

Lane's claim, that his plea was involuntary, is a recognized ground under rule 9.140(b)(2)(A)(ii).

Once a sentence has been imposed, a defendant must demonstrate manifest injustice or prejudice in order to withdraw a guilty plea. "This is a more stringent standard

2

than a motion to withdraw a plea filed before sentencing; the burden falls on the defendant to prove that withdrawal is necessary to correct the manifest injustice." Powell v. State, 929 So. 2d 54, 55 (Fla. 5th DCA 2006). A defendant who files a facially sufficient motion to withdraw a plea is entitled to an evidentiary hearing on the issue unless the record conclusively refutes the allegations. Puentes v. State, 58 So. 3d 912, 921 (Fla. 3d DCA 2011); Woodly v. State, 937 So. 2d 193, 196 (Fla. 4th DCA 2006); Snodgrass v. State, 837 So. 2d 507, 508 (Fla. 4th DCA 2003). If the trial court does not hold an evidentiary hearing, the allegations of the defendant's motion must be taken as true, except to the extent that they are conclusively rebutted by the record. Snodgrass, 837 So. 2d at 508.

Here, Lane stated a colorable claim for relief under Florida law, which requires that pleas be voluntarily and knowingly entered. The trial court erred in denying Lane's motion without holding an evidentiary hearing because nothing in the record conclusively shows that Lane was not entitled to relief on this claim. See e.g., Panchu v. State, 1 So. 3d 1243, 1245-46 (Fla. 4th DCA 2009) (holding that defendant was entitled to evidentiary hearing where she stated colorable claim in rule 3.170(*l*) motion that her plea was not voluntarily, knowingly, and intelligently entered when she alleged that she received no advice or inadequate advice as to available defenses to her charges); Daniel v. State, 865 So. 2d 661, 661 (Fla. 2d DCA 2004) (reversing denial of rule 3.170(*l*) motion to withdraw plea that alleged counsel misadvised him regarding sentencing, and remanding for evidentiary hearing because record failed to show that defendant was not entitled to relief).

We find no merit in Lane's remaining claims of error. We affirm, in part, and reverse, in part, the trial court's order denying Lane's rule 3.170(*l*) motion to withdraw his

plea. On remand, the trial court must hold an evidentiary hearing on Lane's claim of failure to advise of an available defense.

AFFIRMED in part; REVERSED in part; and REMANDED.

WALLIS and EDWARDS, JJ., concur.