744 So.2d 1232 (1999)
STATE of Florida, Appellant,
v.
Bruce Brian WIITA, Appellee.
No. 98-2248.
District Court of Appeal of Florida, Fourth District.
November 10, 1999.
*1233 Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellant.
James K. Green of James K. Green, P.A., West Palm Beach, and Richard G. Lubin of Lubin and Gano, P.A., West Palm Beach, for appellee.

ON MOTION FOR REHEARING
HAZOURI, J.
We deny the motion for rehearing and rehearing en banc but withdraw our prior opinion and substitute the following in its place.
Appellant, the State of Florida ("the state"), appeals from an Order Granting Defendant's Sworn Motion to Vacate Sentence. Because we find that the trial court did not abuse its discretion by entering the Order, we affirm.
On June 13, 1991, the state filed an information that charged Bruce Wiita ("Wiita") with three counts of lewd assault and three counts of sexual activity with a child. On June 24, 1991, Wiita pled guilty to one count of lewd assault and one count of sexual activity with a child pursuant to a negotiated plea agreement. The plea agreement provided that the state would nolle prosse all of the other counts, that adjudication would be withheld, and that Wiita would be sentenced to ten years probation. The plea agreement further provided that Wiita: would pay for the victim's medical and psychological counseling costs up to $5,000; would receive a psychological evaluation and treatment as recommended; would have no contact with the victim; would have no unsupervised contact with children under the age of eighteen years, except his own, until his psychologist approved; would complete 500 hours community service within the first five years of his probation; and that probation could terminate after seven years if all conditions had been satisfied and his psychologist approved.
On October 1, 1997, section 943.0435 of the Florida Statutes was enacted. Section 943.0435, which is retroactive in nature, requires persons convicted of sexual offenses to report to the Florida Department of Law Enforcement (FDLE). Wiita complied with the reporting requirements of section 943.0435, and FDLE subsequently posted his name and photograph on the Internet as a sexual offender. On June 4, 1998, Wiita filed a motion to vacate his sentence and/or preclude his compliance with section 943.0435, Florida Statutes (1997). Wiita claimed that because section 943.0435 was not in effect at the time he entered his plea agreement, the reporting and publication requirements of the statute were neither contemplated nor made a part of his plea agreement. Based upon these facts, Wiita argued that good cause existed to vacate his plea because it was not entered knowingly or voluntarily.
The trial court found that Wiita did not enter his guilty plea with an understanding of the full consequences of the plea. Thus, the trial court held Wiita's plea was not freely and voluntarily entered. The Order Granting Defendant's Sworn Motion to Vacate Sentence was entered, which also stated that Wiita was no longer subject to the provisions of section 943.0435.
At the hearing on the motion, Wiita testified that he had bargained for anonymity in exchange for his guilty plea. The pertinent testimony was as follows:

*1234 DIRECT EXAMINATION
Q Mr. Wiita, I represented to the Court that at the time the only reason you entered into this plea was because you felt that you could get it over with, your wife had been had having the problems with her miscarriages and there were business situations. Was that the only reason you entered into the plea?
A That's correct.
Q Were you told that you would not be considered a convicted felon?
A Absolutely.
Q It was a withheld?
A Absolutely.
Q Were you told you would be able to seal your file?
A Absolutely.
Q Did you feel that you had an extremely strong defense to this?
A Absolutely.
Q As a matter of fact, is that why the sexual battery case was withheld adjudication and probation?
A Absolutely.
CROSS-EXAMINATION
Q Your defense attorney at the time advised you about many different things upon entering into this plea, correct?
A That's correct.
Q Did he ever tell you that these charges would be wiped clean off your record?
A Yes.
Q Did he ever say to you that anybody while you are on probation could visit the courthouse and find out that you had either plead no contest or guilty to these charges?
A No.
Q Well, do you know, in fact, that all of the information except for the victim's name is, basically, public information here at the courthouse?
A No, I did not know that.
The state presented no witnesses or documentary evidence to contradict Witta's sworn testimony. The state had available to it the transcript of the plea colloquy conducted by the original sentencing judge but failed to offer it as evidence of the voluntary nature of Witta's plea.
Although Wiita's motion to withdraw his plea stated that applying section 943.0435 to him was an ex post facto violation, at the hearing his counsel stated "[y]es, soIt applies retroactively, it's expost [sic] facto and all of that, but I'm not making the Constitutional argument." This statement clearly demonstrates that Wiita expressly waived any ex post facto argument and failed to preserve the issue for appellate review. Furthermore, the state failed to seek a definitive ruling from the trial court on the issue of the ex post facto application of the statute. Therefore, this court will not address whether applying section 943.0435 to Wiita constitutes an ex post facto violation because the argument was not properly raised before the trial court. See Trushin v. State, 425 So.2d 1126 (Fla.1982); Collie v. State, 710 So.2d 1000 (Fla. 2d DCA), rev. denied, 722 So.2d 192 (Fla.), and cert. denied, ___ U.S. ___, 119 S.Ct. 624, 142 L.Ed.2d 563 (1998); Springfield v. State, 443 So.2d 484 (Fla. 2d DCA 1984).
A trial court's decision regarding the withdrawal of a plea will generally not be disturbed on appeal absent a showing of an abuse of discretion. See Hunt v. State, 613 So.2d 893, 896 (Fla.1992). Where a defendant challenges a guilty plea after sentencing, the defendant must prove that a manifest injustice has occurred. See LeDuc v. State, 415 So.2d 721, 722 (Fla.1982). The state argues Wiita's challenge to his guilty plea was ineffective because he failed to show that a manifest injustice occurred. However, the evidence clearly indicates that the requirements imposed by section 943.0435 did not exist, and were *1235 not contemplated, when Wiita entered into the plea agreement.
The withdrawal of a plea should be permitted where justice and fairness require it. See Macker v. State, 500 So.2d 256, 258 (Fla. 3d DCA 1986) (citation omitted). Based upon the fact that Wiita entered a plea to avoid publicity, then six years later had publicity thrust upon him due to the requirements of section 943.0435, justice and fairness support the withdrawal of Wiita's plea in this case. There is adequate evidence in the record to support the conclusion that Wiita's plea was not entered into knowingly and voluntarily, and reasonable persons could differ as to the propriety of the action taken by the trial court. We therefore hold that the trial court did not abuse its discretion in entering the Order Granting Defendant's Sworn Motion to Vacate Sentence. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980).
AFFIRMED.
DELL, J., concurs.
STEVENSON, J., concurs specially with opinion.
STEVENSON, J., concurring specially.
I concur in the result reached by the majority. I write separately to emphasize that the decision to uphold the trial court's order allowing Wiita to withdraw his guilty plea in this case rests on more than Wiita's claim that he pled guilty to avoid the publicity of a trial only later to have the newly-enacted registration and publication provisions of section 943.0435 applied to him. In my view, that claim by itself would hardly have met the required standard of "manifest injustice" warranting withdrawal of Wiita's guilty plea. However, as the majority opinion points out, the record that was before the trial judge established that Wiita was assured that he would be able to have the file "sealed" and that his record would be "wiped clean." These additional affirmative assurances, in combination with the publication provisions of section 934.0435, wholly frustrated Wiita's expectations of complete anonymity based on his understanding of what would occur as a result of his guilty plea. If it is true, as the State argues and the record suggests, that the trial judge granted Wiita's motion simply because of the application of section 943.0435 to his case, I would still conclude that his decision was right, but for the wrong reason. See, e.g., Martin v. Town of Palm Beach, 643 So.2d 112 (Fla. 4th DCA 1994)(re-affirming the general principle that if the result reached by the lower court is proper on any theory, the appellate court should affirm).