773 So.2d 1264 (2000)
Michael DONOVAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D00-905.
District Court of Appeal of Florida, Fifth District.
December 22, 2000.
*1265 Keith F. Szachacz and Kepler B. Funk, of Funk & Szachacz, P.A., Melbourne, for Petitioner.
No Appearance for Respondent.
PER CURIAM.
Michael Donovan petitions for a writ of habeas corpus claiming he is entitled to a belated appeal of an order denying his Rule 3.850 motion to vacate plea and sentence because his attorney was late filing his appeal. We grant Donovan a belated appeal and affirm his case on the merits.
Donovan was charged in 1994 with sexual battery and entered a nolo contendere plea in May 1995. Adjudication was withheld and Donovan was sentenced to five years probation in June 1995. Donovan violated his probation in 1995, 1997 and 1999. Donovan never appealed any of his previous judgments and sentences. In 1999, Donovan claimed he would not have entered the 1995 plea if he had known he would be required to report to the FDLE as a convicted sex offender. The trial court conducted an evidentiary hearing and denied his motion.
On appeal Donovan contends that the Fourth District's decision in State v. Wiita, 744 So.2d 1232 (Fla. 4th DCA 1999) is dispositive. In that case, the trial court permitted a defendant, who entered a plea in 1991, to withdraw his plea in 1998. The court reasoned that the defendant's claim that because section 943.0435, Florida Statutes, was not in effect at the time he entered his plea agreement, the reporting and publication requirements of the statute were neither contemplated nor made apart of his plea agreement. Based upon these facts, and his claim that he entered the plea because of his express wishes to avoid publicity for himself and his family, the court upheld the trial court's decision to vacate his plea because it was not entered knowingly or voluntarily.
In Donovan's case, the trial judge denied relief after an evidentiary hearing. The trial court found Wiita to be factually distinguishable and stated:
[Donovan] entered his no contest plea on May 11, 1995, pursuant to an agreement that provided for no incarceration and a withhold of adjudication on a sexual battery offense, punishable by a statutory maximum of fifteen (15) years incarceration. As a result, the Court finds that [Donovan's] testimony that at the time that he entered his plea he gave no consideration to the fact that he would receive a withhold of adjudication and a nonincarcertative sentence totally incredible.
Appellate courts have concluded that being designated a "sexual predator" is a collateral consequence of a plea. See Benitez v. State, 667 So.2d 476 (Fla. 3d DCA 1996) (provisions of §§ 775.21-.23, Florida Statutes (1993), were a "collateral consequence of the pleas which was not required to be covered in the plea colloquy"); see also LaMonica v. State, 732 So.2d 1175 (Fla. 4th DCA 1999); Collie v. State, 710 So.2d 1000 (Fla. 2d DCA 1998) (sexual predator designation was collateral consequence of the guilty plea); State v. Fox, 659 So.2d 1324, 1327 (Fla. 3d DCA 1995) (trial judge is required to inform a defendant only of the direct consequences of his plea).
The same conclusion has been reached about the lesser requirements of reporting as a "sexual offender" under section 943.0435, Florida Statutes. In Simmons v. State, 753 So.2d 762 (Fla. 4th DCA 2000), the court held that the sexual offender statute was regulatory in nature. Therefore, the statute did not violate the ex post facto clause. The statute did not *1266 alter the definition of criminal conduct and did not constitute punishment.
PETITION GRANTED; AFFIRMED.
THOMPSON, C.J., and SAWAYA, J., concur.
SHARP, W., J., concurs in result only, without opinion.