PER CURIAM.
On March 19, 2003, appellant entered guilty pleas to armed trafficking in cocaine and conspiracy to traffic in cocaine. On April 17, 2003, appellant moved to withdraw his guilty pleas; he argued that defense counsel had advised him that his codefendants would testify against him, even though the lawyer had been told that the codefendants’ testimony would actually exonerate appellant.
As the state concedes, the trial court erred in denying appellant’s motion to withdraw his plea without an evidentiary hearing. Because appellant’s motion to withdraw came after sentencing, appellant will have:
the burden of proving that “a manifest injustice has occurred.” LeDuc v. State, 415 So.2d 721, 722 (Fla.1982); State v. Wiita, 744 So.2d 1232, 1234 (Fla. 4th DCA 1999). This is a more stringent standard than a motion to withdraw a plea filed before sentencing; the burden falls on the defendant to prove that withdrawal is necessary to correct the manifest injustice. See Scott v. State, 629 So.2d 888, 890 (Fla. 4th DCA 1993).
Snodgrass v. State, 837 So.2d 507, 508 (Fla. 4th DCA 2003).
KLEIN, GROSS and MAY, JJ., concur.