919 So.2d 645 (2006)
Braddy WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-960.
District Court of Appeal of Florida, Fourth District.
January 25, 2006.
Carey Haughwout, Public Defender, and Frederick Arthur Mullins, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Braddy Williams pled guilty to strong arm robbery, dealing in stolen property, possession of cocaine, and possession of drug paraphernalia. The trial court sentenced Williams to ten years in state prison for the robbery and dealing in stolen property charges, and three years for the possession of cocaine charge, with the sentences to run concurrently. Williams then filed a motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(l), asserting defense counsel "coerced" him into entering an open plea to the court. The trial court denied the *646 motion without holding an evidentiary hearing. Because Williams's motion to withdraw plea made no factual allegations of "coercion" that were not completely refuted by the sworn plea colloquy, we affirm.
Whether the trial court erred in summarily denying Williams's motion to withdraw plea is reviewed for an abuse of discretion. See State v. Wiita, 744 So.2d 1232, 1234 (Fla. 4th DCA 1999). In Snodgrass v. State, 837 So.2d 507 (Fla. 4th DCA 2003), this court stated:
Where a motion to withdraw a plea occurs after sentencing, the appellant has the burden of proving that a "manifest injustice has occurred." LeDuc v. State, 415 So.2d 721, 722 (Fla.1982); State v. Wiita, 744 So.2d 1232, 1234 (Fla. 4th DCA 1999). This is a more stringent standard than a motion to withdraw a plea filed before sentencing; the burden falls on the defendant to prove that withdrawal is necessary to correct the manifest injustice. See Scott v. State, 629 So.2d 888, 890 (Fla. 4th DCA 1993).
Id. at 508 (emphasis in original).
"Although rule 3.170(l) does not expressly require a trial court to hold an evidentiary hearing, we [have held] that due process requires a hearing unless the record conclusively shows the defendant is entitled to no relief." Simeton v. State, 734 So.2d 446, 447 (Fla. 4th DCA 1999). In the instant case, the trial court's inquiry prior to accepting Williams's plea was particularly thorough. Williams said that after discussing the situation with his wife and Mr. Narducci, one of his attorneys, he decided to listen to his wife and plead guilty. He believed that it was in his best interest to plead guilty and said that nobody was forcing, threatening or coercing him into making an open plea to the court. In addition to verbally acknowledging that he had not been coerced by anyone, Williams signed two forms stating that he had not been coerced into relinquishing his rights by entering a plea. Williams also said he understood that Narducci had no way of knowing what his sentence would be and that the judge could sentence him to thirty-five years in prison. When asked whether he was satisfied with his attorney's services, Williams said "yes." At the end of the plea colloquy, the trial judge asked Williams if he needed any additional time to consider whether to enter his plea. Williams replied, "I'm waiting on you, ma'am." The court then accepted the plea and proceeded to impose sentence.
On August 6, 2004, Williams filed a motion for a reduction or mitigation of the sentence because his attorney "did not represent [his] request for a 22 month sentence, but instead suggested an `open plea.'" That motion was denied on August 6, 2004. Four days later, on August 10, 2004, Narducci filed a motion to withdraw plea, stating Williams wanted to withdraw his plea because he believed that defense counsel had coerced him into entering an open plea. Additionally, the motion requested the appointment of conflict-free counsel. In the order denying the motion to withdraw, the trial court ruled Williams's stated grounds for relief were conclusively refuted by his responses at the plea colloquy. We agree with the trial court and find no abuse of discretion in its denial of the motion without an evidentiary hearing. See Simeton, 734 So.2d at 447. Where the coercion alleged is legally insufficient or conclusively refuted by the record, there is no need to hold an evidentiary hearing or appoint conflict-free counsel. We note that our affirmance is without prejudice for appellant to file a motion for postconviction relief on any legally sufficient grounds supported by factual allegations that have not been conclusively refuted by the record. We simply hold that *647 Williams's bare allegation of "coercion" by defense counsel, without more, is conclusively refuted by this record.
Affirmed.
WARNER and HAZOURI, JJ., concur.
STEVENSON, C.J., dissents with opinion.
STEVENSON, C.J., dissenting.
I respectfully dissent. I do not believe the trial court was free simply to point to the plea colloquy and deny the motion. Here, defense counsel moved to withdraw as attorney and requested the appointment of conflict-free counsel to represent Williams on the motion to withdraw plea. The basis for the withdrawal of the plea, coercion, "placed trial counsel in an actual conflict of interest with his client on a pending matter." Roberts v. State, 670 So.2d 1042, 1044 (Fla. 4th DCA 1996). "It is difficult to discern how defense counsel could have effectively represented defendant at the motion to withdraw his plea when the very basis for the motion was allegations concerning defense counsel's own . . . coercive behavior." Id. at 1045. When the basis for the defendant's motion to withdraw a plea is coercion, the attorney and client's interests are "directly adverse" and this implicates "defendant's right to effective assistance of counsel at a critical stage of the proceeding." Id. "Where a defendant seeks to withdraw his plea on the ground that it was coerced by his attorney, the trial court must either appoint conflict-free counsel or permit the defendant the opportunity to secure the same and, then, conduct an evidentiary hearing on the motion to withdraw the plea." Lingenfelser v. State, 734 So.2d 472, 472-73 (Fla. 4th DCA 1999). I would reverse the order denying Williams's motion to withdraw and remand for the trial court to appoint conflict-free counsel, with the opportunity for conflict-free counsel to file a new motion to withdraw plea on behalf of Williams. If the motion to withdraw filed by conflict-free counsel raises legally sufficient allegations of coercion, the trial court should hold an evidentiary hearing.