939 So.2d 1123 (2006)
Mark WALLACE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1158.
District Court of Appeal of Florida, Third District.
October 4, 2006.
Rehearing Denied October 17, 2006.
*1124 Bennett H. Brummer, Public Defender, and Lisa S. Walsh, Special Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and William J. Selinger, Assistant Attorney General, for appellee.
Before CORTIÑAS, ROTHENBERG, and LAGOA, JJ.
LAGOA, Judge.
Mark Wallace,(hereinafter "Defendant"), appeals the trial court's denial of his post-sentencing motion to withdraw his plea, arguing that the trial court erred by not holding an evidentiary hearing on the issue. Because we conclude that the trial court did not err in summarily denying Defendant's post-sentence motion to withdraw his plea, we affirm.
The standard of review for a trial court's denial of a motion to withdraw a plea is abuse of discretion. See Williams v. State, 919 So.2d 645, 646 (Fla. 4th DCA 2006)(denial of motion to withdraw guilty plea without evidentiary hearing not abuse of discretion). If the motion to withdraw a plea occurs, as is the case here, after sentencing, the defendant has the burden of proving that a "manifest injustice has occurred." Id.
On February 24, 2005, Defendant filed a pro se motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(l). In his motion, Defendant alleged that defense counsel failed to convey a favorable plea offer to him and that he entered into the plea under duress. In a supplemental motion, Defendant argued that defense counsel coerced him into entering into the plea. The trial court denied the motion without holding an evidentiary hearing.
On appeal, Defendant argues that he is entitled to an evidentiary hearing because the record does not refute his allegation of ineffective assistance of counsel. We respectfully disagree with Defendant's contention, as his allegations are conclusively refuted by the record and he cannot show that a manifest injustice has occurred.
The facts of this case are similar to Williams v. State, 919 So.2d 645 (Fla. 4th DCA 2006). In Williams, the defendant filed a motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(l), asserting that his defense counsel coerced him into entering into the plea. Id. at 646. The trial court denied the motion without holding an evidentiary hearing and the Fourth District affirmed "[b]ecause [defendant's] motion to withdraw [his] plea made no factual allegations of `coercion' that were not completely refuted by the sworn plea colloquy." Id. Specifically, at the plea colloquy the defendant stated that he had not been forced, threatened or coerced into making an open plea in court. Moreover, the defendant *1125 acknowledged signing "two forms stating that he had not been coerced into relinquishing his rights by entering a plea . . . [and][w]hen asked whether he was satisfied with his attorney's services, Williams said `yes'." Id. As the Williams court observed, "[w]here the coercion alleged is legally insufficient or conclusively refuted by the record, there is no need to hold an evidentiary hearing or appoint conflict-free counsel." Id.
In this case, Defendant's allegations of coercion or ineffective assistance of counsel are conclusively refuted by the record. First, Defendant, in his motion, admits that he was aware of the first plea offer but that he rejected it.[1] While out on bond, however, Defendant committed two additional felonies and was placed in custody. In his motion, Defendant admits being advised by his counsel that the State was now offering a less favorable plea  "a plea of 20 with a mandatory 15 years in prison"  and that he "agreed with counsel that such [a] plea was unacceptable." The record is therefore clear that Defendant was aware of and rejected the State's plea offers.
Second, as in Williams, the trial court's inquiry prior to accepting the Defendant's plea conclusively shows that the Defendant is not entitled to the relief sought.
THE COURT: Has anyone threatened you or coerced you into entering into this plea?
THE DEFENDANT: No.
THE COURT: Are you presently under the influence of drugs or alcohol?
THE DEFENDANT: No.
. . .
THE COURT: Sir, you were given a rights waiver form, did you read it, understand it an [sic] sign it?
THE DEFENDANT: Yes, I did.
THE COURT: Do you have any questions about it?
THE DEFENDANT: No.
THE COURT: You are also represented by an attorney, have you discussed this plea with your lawyer, have you had sufficient time to do that?
THE DEFENDANT: Yes.
THE COURT: And you understand  has your lawyer done everything that you asked him to do, has he filed all motions, taken all depositions or investigated every single aspect of this case?
THE DEFENDANT: Yes.
THE COURT: Are you satisfied with his services?
THE DEFENDANT: Yes.
Thus, during the plea colloquy, Defendant stated that no one threatened or coerced him into making the plea, that he was satisfied with his attorney's services, and acknowledged signing a written plea of guilty waiver form.
Third, the written plea also refutes Defendant's allegations. That document, signed by both the Defendant and his counsel, contains the following pertinent language:
This plea is in my own best interest. . . . I am not under the influence of any alcohol or drugs at this time, nor am I presently suffering from any mental defect. I fully understand the Judge's instructions, this document . . . all the legal proceedings herein, and all of my *1126 rights under the law. No one, including my attorney or the Judge, has made any promises, threats, or representations to me to induce me to enter this plea. Further, no promises or representations were made to me apart from those discussed during the plea colloquy, nor has anyone, especially my attorney, made any promises to me concerning my eligibility for any form of early release authorized by law and the actual amount of time I will serve under the sentence that the court will impose. . . . I further understand that I am waiving any right that I may have to withdraw this plea and that my plea of guilty or no contest to the charge(s) are final and may not be withdrawn without the consent of the court. . . . I am mentally alert and am entering this plea knowingly, intelligently and voluntarily. I understand I have the right to speak to the Judge concerning the sentence before sentencing, and to appeal in writing within thirty (30) days. . . . I have read, understand, and agree with all the contents, terms and conditions on both sides of this form, including that portion entitled "Satisfaction with Attorney."
The written plea also contained a separate section signed by Defendant entitled "Satisfaction with Attorney" that stated:
I am voluntarily entering this plea after having had adequate, complete, and full consultation with my attorney. My counsel has done everything that I have asked him/her to do on my behalf and has filed with the court all pleadings, motions and documents that I wanted him/her to file. My counsel has spoken to and discussed my case with all the witnesses and prospective witnesses that I requested that he/she talk to, and has discussed my case with me fully and completely. My attorney, among other things, has fully discussed the strengths and weaknesses of my case and the State of Florida's case, as well as any defenses I may have to the charge(s) against me. Further, my attorney has raised all the objections and defenses that I wanted to be raised with the prosecutor and/or the court. My attorney has been competent, professional, and effective throughout his/her representation of me. I am completely satisfied with the representation that my attorney has afforded me.
Because the allegations of coercion and ineffective assistance of counsel are conclusively refuted by the record, there is no need to hold an evidentiary hearing. Accordingly, we affirm the trial court's order denying Defendant's motion to withdraw plea.
Affirmed.
NOTES
[1] In his motion, Defendant states that he "appeared before this Honorable Court on August 30, 2004 regarding case numbers F04-14924, F04-14926, and F04-14927. Counsel advised Defendant, who was out on felony bond, that the State was offering a plea of 15 years with a mandatory 10 years. Defendant did not accept [the] plea [and the][c]ases were set for trial."