984 So.2d 574 (2008)
Joseph RIVERA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-653.
District Court of Appeal of Florida, Fifth District.
May 23, 2008.
James S. Purdy, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
The defendant appeals from the summary denial of his motion to withdraw his guilty plea. We affirm but write briefly to explain why the court was eminently correct in denying relief without a hearing.
The defendant signed a written plea agreement and entered a negotiated plea of guilty to attempted second degree murder in exchange for dismissal of another charge. Before accepting the plea, the trial judge conducted an extensive plea colloquy after which the court accepted the plea and imposed sentence. The plea colloquy and the written plea agreement specifically refuted the claim, raised after sentencing, that the plea was involuntary and the product of coercion from his counsel.
The trial court did not abuse its discretion in summarily denying relief. Williams v. State, 919 So.2d 645 (Fla. 4th DCA 2006). Due process requires a hearing on such a motion unless the record conclusively shows the defendant is not entitled to relief. Id. at 646. Here, as in Williams, the transcript of the plea colloquy and the written plea agreement reflect a thorough inquiry into the circumstances surrounding the defendant's decision to enter the plea. The defendant stated he was neither forced nor pressured into entering the plea, was doing so freely and voluntarily, and was satisfied with his trial counsel. The coercion alleged after sentencing is refuted by the transcript and the written plea agreement. An evidentiary hearing was unnecessary. Williams. Accord Wallace v. State, 939 So.2d 1123 (Fla. 3d DCA 2006). The defendant's claim of ineffective assistance of counsel based on a speedy trial violation is totally without merit. See Fla. R.Crim. P. 3.191(p).
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.