ROTHENBERG, Judge.
 

 The defendant, Ranees Gonzalez-Castro, entered a guilty plea to the charge of failing to properly register as a sex offender, and thereafter, the trial court sentenced him to thirty months in state prison. Under Florida Rule of Criminal Procedure 3.170(i), the defendant filed a timely motion to withdraw his plea, asserting that he was under the “misim-pression” that he would receive a sentence of 19.05 months in prison, and but for this “misimpression,” he would not
 
 *95
 
 have entered into the plea. The defendant also filed a motion to appoint conflict-free counsel to assist him in his motion to withdraw his plea. Following a non-evidentiary hearing, the trial court denied both motions based on the record. This appeal ensued.
 

 The defendant contends that the trial court erred in denying his motion to appoint conflict-free counsel where his motion to withdraw his plea asserted a facially valid claim that a conflict existed between him and his counsel. We disagree.
 

 Although the defendant alleges in his motion to withdraw his plea that he was under the “misimpression” that he would receive a sentence of 19.05 months in prison, he does not directly or indirectly assert that his counsel was the source of his “misimpression.” Moreover, he does not claim that he was coerced by counsel or that counsel misadvised him.
 
 Cf. Searcy v. State,
 
 971 So.2d 1008, 1012 (Fla. 3d DCA 2008) (reversing the trial court’s summary denial of a motion to withdraw plea and remanding for appointment of conflict-free counsel where defendant’s motion to withdraw plea “indirectly” alleged that “his plea was involuntary because it was based in part on counsel’s representation that he would be able to get him a longer furlough if he took the plea”). Because the defendant’s motion to withdraw his plea fails to allege any conflict between him and his attorney, we find that the trial court correctly denied the defendant’s motion to appoint conflict-free counsel.
 

 The defendant also challenges the trial court’s summary denial of his motion to withdraw his plea. As the record conclusively refutes the defendant’s claim, we affirm.
 

 In the instant case, the defendant entered into a written plea agreement acknowledging, in part, that: he was not pressured into accepting the plea; he was not promised anything except that his sentence would not exceed thirty-six months in state prison and he would be required to pay certain costs; the statutory maximum for the offense is five years; and he was entering into the plea with his own free will.
 

 Although the plea transcript indicates that the defendant initially stated that it was his understanding that he would be sentenced to approximately nineteen months, the transcript also reflects that trial court corrected the defendant and explained that under the plea agreement, the trial court could sentence him up to thirty-six months. After the trial court explained the clear terms of the plea agreement to the defendant, the defendant acknowledged that he understood that the trial court could sentence him up to thirty-six months in prison, he had not been promised anything by anyone, and he was not threatened to enter into the plea. The plea transcript also demonstrates that pri- or to accepting the defendant’s plea, the trial court once again confirmed that the defendant understood that he could be sentenced up to thirty-six months, no one had promised him that he would serve less than thirty-six months, and he was not forced to enter the plea.
 

 THE COURT: And again, do you understand by the terms of the plea that you could be sentenced to 36 months in prison?
 

 THE DEFENDANT: I understand.
 

 THE COURT: And again, has anybody promised you that you would serve anything less than that or forced you in any way to enter a plea today?
 

 THE DEFENDANT: No.
 

 Therefore, as the plea transcript conclusively refutes the defendant’s claim that he was under the “misimpression” that he would be sentenced to approximately nine
 
 *96
 
 teen months in prison and that he would not have entered into the plea absent the “misimpression,” we affirm the trial court’s summary denial of the motion to withdraw plea.
 
 See State v. Leroux,
 
 689 So.2d 235, 236 (Fla.1996) (holding that in cases where the record does not conclusively rebut a cognizable claim, a hearing is necessary to determine the merits of the defendant’s claim).
 

 Affirmed.