ROTHENBERG, J.
 

 Tracey Wendt appeals from the summary denial of her motions to withdraw her plea admitting to violating her probation, and to appoint “conflict-free” counsel. We affirm.
 

 On November 27, 2007, Wendt, who was represented by Assistant Public Defender Matthew Matteliano, pled guilty to driving under the influence (“DUI”) and driving while license suspended (“DWLS”) in exchange for a sentence of thirty-six months of drug offender probation, credit for the time she served in the county jail, and other conditions.
 

 Less than two months later, an affidavit was filed alleging that Wendt violated her probation by testing positive for cocaine. Wendt, who was again represented by Matteliano, admitted to the violation, and was sentenced to twenty-four months of drug offender community control followed by twenty-four months of drug offender probation, with the special condition that she serve 364 days in the county jail and complete the jail drug treatment program, with early termination of her jail sentence
 
 *1026
 
 upon completion of the jail drug treatment program.
 

 Several weeks later, Matteliano filed two motions in Wendt’s behalf: (1) a timely motion to withdraw Wendt’s plea under Florida Rule of Criminal Procedure 3.170(Z), wherein Matteliano alleged that Wendt’s admission to violating her probation was not knowingly, intelligently, and voluntarily made because she was under the erroneous impression that she would not receive a sentence in excess of the sentence she had received under the original plea agreement; and (2) a motion to appoint conflict-free counsel to assist her in litigating her motion to withdraw her plea. Following a non-evidentiary hearing, the trial court denied both motions.
 

 Wendt argues on appeal that the trial court erred in denying her motion to appoint conflict-free counsel and for failing to conduct an evidentiary hearing. Because Wendt’s motion to withdraw her plea fails to allege any conflict between her and her attorney, and the record conclusively refutes Wendt’s claim that her plea was not knowingly, intelligently, and voluntarily made, we conclude that the trial court did not err in denying Wendt’s motion to appoint conflict-free counsel or in failing to conduct an evidentiary hearing.
 

 FAILURE TO APPOINT CONFLICT-FREE COUNSEL
 

 Rule 3.170(¿) permits a defendant to file a motion to withdraw his/her plea within thirty days after rendition of the sentence. It is well-settled in Florida that a motion to withdraw a plea filed pursuant to rule 3.170(Z) within this thirty-day window is a critical stage in the proceeding, and an indigent defendant has the right to the appointment of counsel to advise and assist him.
 
 Searcy v. State,
 
 971 So.2d 1008, 1011 (Fla. 3d DCA 2008);
 
 Schriber v. State,
 
 959 So.2d 1254, 1256 (Fla. 4th DCA 2007);
 
 Grainger v. State,
 
 906 So.2d 380, 382 (Fla. 2d DCA 2005). Here, the record reflects that Wendt was represented by court-appointed counsel and that her counsel assisted Wendt in the preparation and filing of her motions.
 

 With regard to rule 3.170(i) motions, it is also well-settled that where a conflict exists between an indigent defendant and his court-appointed counsel, and the allegations warrant an evidentiary hearing, it is an abuse of discretion for the trial court to deny the defendant’s motion to appoint conflict-free counsel.
 
 See Searcy,
 
 971 So.2d at 1012 (reversing the trial court’s summary denial of the defendant’s pro se rule 3.170(Z) motion; ordering that an evidentiary hearing be conducted; and ordering the appointment of conflict-free counsel based upon the defendant’s allegation of misrepresentations made by counsel);
 
 Grainger,
 
 906 So.2d at 382 (holding that when court-appointed counsel became an adverse witness against his client, Grainger was entitled to the appointment of conflict-free counsel to pursue his rule 3.170(Z) motion);
 
 Lingenfelser v. State,
 
 734 So.2d 472, 472-73 (Fla. 4th DCA 1999) (holding that where a defendant seeks to withdraw his plea on the ground that he was coerced by his attorney, the trial court must either appoint conflict-free counsel or permit the defendant to secure conflict-free counsel).
 

 The need for appointment of conflict-free counsel does not arise, however, unless the defendant has alleged in his rule 3.170(Z) motion facts constituting a conflict with the attorney who represented him at the time he entered the plea. Allegations of misadvice or coercion by counsel may require the appointment of conflict-free counsel. However, where a defendant is represented by counsel and the defendant’s motion to withdraw his plea is not based upon a claim of coercion, misrepre
 
 *1027
 
 sentation, or another ground creating a conflict between him and his attorney, then new counsel need not be appointed because the defendant is already being represented by conflict-free counsel.
 
 See Sheppard v. State,
 
 17 So.3d 275, 287 (Fla.2009) (holding that “[i]f it appears ... that an adversarial relationship between counsel and the defendant has arisen and the defendant’s allegations are not conclusively refuted by the record, the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant”) (footnote omitted);
 
 Gonzalez-Castro v. State,
 
 — So.3d -, -, 2009 WL 1940515 (Fla. 3d DCA 2009) (“Because the defendant’s motion to withdraw his plea fails to allege any conflict between him and his attorney, we find that the trial court correctly denied the defendant’s motion to appoint conflict-free counsel.”);
 
 Williams v. State,
 
 919 So.2d 645, 646 (Fla. 4th DCA 2006) (finding that where the coercion alleged is legally insufficient or conclusively refuted by the record, there is no need to hold an evidentiary hearing or appoint conflict-free counsel).
 
 See also Cunningham v. State,
 
 677 So.2d 929, 930-31 (Fla. 4th DCA 1996) (declining to establish a per se rule requiring a trial court to appoint new counsel to argue the defendant’s motion to withdraw his plea upon the mere filing of a motion to withdraw plea and a motion to discharge counsel; and affirming the trial court’s denial of these motions where there was no claim of coercion and the plea colloquy conclusively refuted the allegations).
 

 In the instant case, Wendt was represented by counsel, and the motion to withdraw her plea was based upon her allegation that “she was under the impression that she would not receive a sentence longer in time than the sentence she originally received pursuant to a negotiated plea” and “if not for this misunderstanding, she would not have entered her admission to violation of [her] probation.” Wendt does not allege any coercion or misrepresentation by her counsel or assert that her counsel was the source of her “misunderstanding” or erroneous “impression.” Because Wendt’s motions fail to allege a facially valid claim reflecting a conflict with her counsel, we conclude that the trial court properly denied her motion to appoint conflict-free counsel.
 

 FAILURE TO CONDUCT AN EVIDENTIARY HEARING
 

 The defendant also challenges the trial court’s summary denial of her motion to withdraw her plea. As the record before us conclusively refutes Wendt’s claim and Wendt has failed to demonstrate that a manifest injustice has occurred, we affirm.
 
 See Wallace v. State,
 
 939 So.2d 1123, 1124 (Fla. 3d DCA 2006) (providing that the denial of a motion to withdraw a plea is reviewed for an abuse of discretion, and if the motion is filed after the defendant is sentenced, the defendant has the burden of proving that a manifest injustice has occurred).
 

 The record reflects that before the trial court accepted Wendt’s original plea of guilt to the felony DUI and DWLS, Wendt executed a written plea agreement wherein she acknowledged the following:
 

 I have read the information ... I understand the charge(s) ... [m]y lawyer has explained the maximum penalty for the charge(s).... ■
 

 I understand that .... if I am on probation, my probation can be revoked and I can receive a separate sentence up to the maximum on the probation charge in addition to the sentence imposed on this case.
 

 [[Image here]]
 

 
 *1028
 
 8. I understand that the statutory maximum that the Court can impose is
 
 ct. 1
 
 — 5
 
 years/$5000 Fine[;] ct 2
 
 — 60
 
 Days/$500 Fine
 
 [handwritten]. I understand that the Court will sentence me according to the sentencing guidelines in effect at the time of the offense and that the Court can sentence me above the statutory maximum if the sentencing guidelines permit the Court to do that.
 

 [[Image here]]
 

 12. I have read every word in this written plea. I have discussed this written plea with my lawyer and fully understand it. I am fully satisfied with the way my lawyer has handled this case for me.
 

 Matteliano also executed the written plea agreement, acknowledging as follows: “No promises have been made to the Defendant other than as set forth in this plea or of the record. I believe he/she fully understands this written plea, the consequences of entering it, and that the Defendant does so of his/her own free will.”
 

 In addition to this written plea agreement, Wendt executed a form placing her on notice of the conditions of her drug offender probation, which states in relevant part:
 

 You are hereby placed on notice that the court may at any time rescind or modify any of the conditions of your probation, or may extend the period of probation as authorized by law, or may discharge you from further supervision. If you violate any of the conditions of your probation, you may be arrested and the court may revoke your probation, adjudicate you guilty if adjudication of guilt was withheld, and impose any sentence which it might have imposed before placing you on probation or require you to serve the balance of said sentence.
 

 (Emphasis added).
 

 When Wendt violated her probation, the Department of Corrections issued a Violation Report and informed Wendt that the Department was recommending that a warrant be issued, her probation be revoked, and the trial court sentence her in accordance with Florida’s sentencing guidelines.
 

 It is therefore clear that when Wendt appeared at the probation violation hearing, she knew she was facing a nonproba-tionary sentence, she was potentially facing a five-year prison sentence, and the Department of Corrections was recommending incarceration.
 

 Additionally, the transcript of the violation of probation hearing demonstrates that before accepting Wendt’s admission to the violation of her probation, the trial court conducted a colloquy to ensure that Wendt understood the maximum penalty she could receive and that she had not been promised anything or threatened by anyone in exchange for her plea. This transcript also demonstrates that Wendt: (1) understood that the trial court could sentence her to a maximum of five years in prison for violating her probation; (2) acknowledged that she had not been promised anything by anyone for admitting to the violation of probation; (3) had not been threatened to enter her plea admitting to the violation; and (4) was satisfied with her counsel’s representation.
 

 THE COURT: Your lawyer tells me that you wish to admit being in violation of your drug offender probation. Is that true?
 

 THE DEFENDANT: Yes.
 

 THE COURT: Have you discussed your rights with Mr. Matteliano?
 

 THE DEFENDANT: Yes.
 

 
 *1029
 
 [[Image here]]
 

 THE COURT: Are yon satisfied with the way you’ve been represented?
 

 THE DEFENDANT: Yes.
 

 [[Image here]]
 

 THE COURT: Has anyone promised you anything or threatened you in any way to make you enter this admission today?
 

 THE DEFENDANT: No.
 

 THE COURT: Do you understand the maximum penalty for this offense is five years in prison?
 

 THE DEFENDANT: Yes.
 

 Moreover, after the trial court imposed the sentence, the trial court asked Wendt whether she had any questions. In response, Wendt stated, “No, ma’am.”
 

 CONCLUSION
 

 In light of this record, which includes the original written plea agreement, probation order, Department of Corrections report, and transcript of the probation violation proceedings, we conclude that the record conclusively refutes Wendt’s claim that she was under the “misunderstanding” and/or “erroneous impression” that if she admitted to the violation of probation, the trial court would not impose a sentence longer in time than the sentence she had originally received under the plea agreement (probation) and that she would not have admitted to the violation absent the “misunderstanding” and/or “erroneous impression.” Accordingly, we affirm the trial court’s summary denial of Wendt’s motion to withdraw her plea.
 
 See Wallace,
 
 939 So.2d at 1126 (holding that when the allegations set forth in a motion to withdraw a plea are “conclusively refuted by the record, there is no need to hold an evidentiary hearing”);
 
 see also Gonzalez-Castro,
 
 — So.3d at -.
 

 Affirmed.