GROSS, C.J.
Shawn Davis appeals the summary denial of his motion to withdraw his plea *698 pursuant to Florida Rule of Criminal Procedure 3.170((). We affirm because the motion filed by defense counsel failed to contain specific factual allegations that would require the trial court to hold a hearing or appoint a new lawyer to handle the motion to withdraw plea.
Davis entered a plea of no contest to the crimes of robbery with a firearm while wearing a mask and kidnapping, with the understanding that he would be sentenced to no more than 15 years in prison followed by two years of probation. At a sentencing hearing, the tidal court sentenced him to concurrent terms of 15 years in prison followed by two years of probation.
Two weeks after sentencing, Davis’s counsel filed a motion to withdraw the plea in which she asserted that Davis informed her he wanted to withdraw his plea. The motion stated that she could not represent Davis, because their positions had become adverse; she requested that the trial judge appoint conflict-free counsel to represent him. The motion contained no specific factual allegations to support the motion. The trial court summarily denied the motion in a written order explaining the court’s reasoning.
Davis relies on Sheppard v. State, 17 So.3d 275 (Fla.2009). In Sheppard, a defendant filed a pro se motion to withdraw his plea which contained specific allegations that gave “rise to an adversarial relationship, such as allegations that counsel misadvised the defendant, made affirmative misrepresentations regarding the terms of the plea, or coerced the defendant into taking the plea.” Sheppard, 17 So.3d at 276-77. The Supreme Court held that where a motion contained such “allegations giving rise to an adversarial relationship,” the trial court “should hold a limited hearing at which the defendant, defense counsel, and the State are present.” Id. at 287. Under Sheppard, a “trial court is not required to appoint conflict-free counsel unless both an adversary relationship exists and the defendant’s allegations are not conclusively refuted by the record.” Nelfrard v. State, 34 So.3d 221, 223 (Fla. 4th DCA 2010) (emphasis removed). In this case, as the trial court recognized, it was not necessary to hold a hearing on the rule 3.170(() motion because the motion contained no factual allegations to support the request for relief.
This case is controlled by Williams v. State, 919 So.2d 645 (Fla. 4th DCA 2006). There, defense counsel filed a rule 3.170(() motion with only a “bare allegation” of coercion, unsupported by any facts. In part, we held that such a bare allegation was insufficient to require the trial court to hold a hearing on the motion or to appoint conflict free counsel. Id. at 646. Here, defense counsel’s bare bones motion distinguishes this case from Schriber v. State, 959 So.2d 1254, 1255 (Fla. 4th DCA 2007), where a defendant filed a pro se motion to withdraw a plea containing specific allegations of “misadvice and ineffective assistance.” Schriber distinguished Williams as a case where “Williams’s original attorney drew up and filed the motion to withdraw the plea which was found to be insufficient.” Id. at 1257.
We therefore affirm the trial court’s ruling. As we did in Williams, we note that “our affirmance is without prejudice for appellant to file a motion for postconviction relief on any legally sufficient grounds supported by factual allegations that have not been conclusively refuted by the record.” 919 So.2d at 646 (emphasis removed).
WARNER, J., and FISHMAN, JANE D., Associate Judge, concur.