MONACO, C.J.
 

 The appellant, Richard Samuel Abbas, pled no contest to two counts of trafficking in cocaine in exchange for a bargained for sentence of five years in prison followed by
 
 *1208
 
 five years of probation. Prior to tendering his plea Mr. Abbas made several direct and indirect contacts with the State Attorney’s office to make sure that the offer would be held open. He signed a detailed plea agreement, and participated in an extensive plea colloquy with the trial court to assure the voluntariness of his plea, and was offered an opportunity to address the court on the matter of the plea.
 

 Mr. Abbas thereafter sought to withdraw his plea. The trial court declined to do so both orally and by written order. We affirm the judgment and sentence. Because the motion to withdraw the plea was devoid of factual allegations in support of the requested relief, a hearing was not necessary prior to the trial court’s denial of the motion.
 
 See Davis v. State,
 
 52 So.3d 697 (Fla. 4th DCA 2010);
 
 Williams v. State,
 
 919 So.2d 645 (Fla. 4th DCA 2006);
 
 see also Robinson v. State,
 
 761 So.2d 269, 274 (Fla.1999), cert.
 
 denied,
 
 529 U.S. 1057, 120 S.Ct. 1563, 146 L.Ed.2d 466 (Fla.2000);
 
 Brown v. State,
 
 428 So.2d 369, 371 (Fla. 5th DCA 1983).
 

 As there was no abuse of discretion by the trial court, we affirm, but do so without prejudice to Mr. Abbas to file a timely, facially sufficient motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.850.
 

 AFFIRMED.
 

 EVANDER and JACOBUS, JJ„ concur.