POLEN, J.
Appellant, Delbert Hall, appeals the trial court’s order summarily denying his pro se motion to withdraw plea after sentencing. We hold that Hall should be granted a limited evidentiary hearing to determine the nature of his attorney-client relationship — whether an adversarial relationship existed — and whether conflict-free counsel should be appointed before the court considers the issue of withdrawal of Hall’s plea.
On August 1, 2008, Hall was charged by information with four counts: 1) sexual battery on a person less than twelve years of age; 2) sexual battery on a person less than twelve years of age; 3) sexual activity with a child; and 4) sexual activity with a child. Hall was arrested pursuant to a warrant on August 5, 2008. On August 13, 2008, Hall invoked his right to counsel. An Assistant Public Defender was assigned to Hall’s case. The attorney went to see Hall two to three weeks after he was incarcerated. The attorney explained to Hall that she had a heavy case load so he needed to be patient with her on their “long road ahead.”
Hall alleged that he did not see or hear from his attorney until his first court date two months later. Hall questioned his attorney about not being able to get in touch with her and she explained to him that she was very busy. During this hearing, Hall was asked to waive his right to a speedy trial. Hall was reluctant about waiving his *292 rights and his attorney became very agitated with him and told him she needed the proper time to work on his case. Hall asked his attorney if she would visit him at the jail to speak further and his attorney responded that she would try.
Hall continued having difficulty reaching his attorney to discuss his case, and when he did reach her, she had no new updates. His attorney deposed the alleged victim without contacting Hall or going over any of the details of his case with him, and after the deposition, his attorney gave Hall her opinion and asked what he wanted to do as far as entering a plea. Hall said he was not taking the plea and wanted his attorney to come see him at the jail to discuss this. Additionally, Hall requested a copy of the transcripts from the deposition, but his attorney refused because she did not want to spend the money on the copies. The attorney’s assistant attempted to play the deposition for Hall via telephone video conference, but something was wrong with the phone and he could not hear it at that time. At the next court date, his attorney asked Hall what he wanted to do about the case after hearing the deposition. He informed her he was unable to listen because of a problem with the phone, at which point his attorney became angry. Hall was able to listen to the deposition about a week later, but was unable to stop and start the recording to take notes. Hall also received other discovery from his attorney, but he noticed he was missing several items. He was advised that he would receive everything if they ended up going to trial.
In the summer of 2009, his attorney made a visit to the jail. They discussed going to trial versus taking the plea. Hall told his attorney he did not want to go to jail for something he did not do. The attorney asked if Hall would accept the plea if she could get it down to ten years. Hall told her she could ask, but he still did not want to accept a plea for something he did not do. The next court hearing was at the end of August 2009. Hall’s attorney did not appear and sent someone else in her place without informing Hall of her arrangements. Hall tried to contact his attorney from that point until November 2009 to no avail. At the November 2009 court date, Hall’s attorney informed him that five years were added to his plea deal and that if he did not accept the plea by the next day, it would not be offered again. The next day, Hall claimed he went into court with a clouded mind and under tremendous stress from the day before, but decided to sign the plea. In exchange for Hall’s guilty plea to his third and fourth counts, the State nolle prossed counts one and two. Hall agreed to be adjudicated guilty and to serve a twenty year sentence as to each count, to be served concurrently. Hall also signed that he understood he was to be designated a sexual predator and registered as such. Hall initialed every paragraph on the plea, indicating an understanding of his rights and those rights he waived by entering a guilty plea. He also verbally answered all of the court’s questions, but stated later that when his head cleared, he was able to think and realized he made a mistake. Once the plea was signed, Hall did not have difficulty obtaining documents from his attorney or reaching her via telephone like he had experienced while she was representing him. Hall filed a motion to vacate/take back his plea deal, expressing his displeasure with his representation and his change of mind regarding his plea. The trial court denied Hall’s motion. This appeal followed.
“ ‘The standard of review of a trial court’s denial of a motion to withdraw plea is abuse of discretion. Where a defendant files a facially sufficient motion to with *293 draw his plea, he is entitled to an eviden-tiary hearing on the issue unless the record conclusively refutes his allegations.’” Schriber v. State, 959 So.2d 1254, 1256 (Fla. 4th DCA 2007) (internal citation omitted).
Florida Rule of Criminal Procedure 3.170C) governs motions to withdraw pleas after sentencing. Rule 3.170(Z) states that:
A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e) except as provided by law.
Fla. R.Crim. P. 3.170(Z). The rule governing this appeal is rule 9.140(b)(2)(A)(ii)(c), which provides that one may withdraw a plea if it was entered into involuntarily. Fla. RApp. P. 9.140(b)(2)(A)(ii)(c). This court has stated that when a motion to withdraw is filed after sentencing, the burden is upon the appellant to show that “ ‘a manifest injustice has occurred.’ ” Snodgrass v. State, 837 So.2d 507, 508 (Fla. 4th DCA 2003). The withdrawal of the plea must be necessary to correct such an injustice. Id.
Additionally, when a pro se rule 3.170(í) motion is filed alleging an adversarial relationship with an attorney which led to the plea’s entry, “the trial court should hold a limited hearing at which the defendant, defense counsel, and the State are present.” Sheppard v. State, 17 So.3d 275, 287 (Fla.2009). If a hearing is conducted and the court finds that the record supported the existence of an adversarial relationship, counsel should either withdraw or be discharged and the defendant should be assigned a conflict-free representative. Id.
This court has provided that factual allegations must support the request for relief when a defendant files a pro se motion claiming his or her relationship with his counsel has become adverse. Davis v. State, 52 So.3d 697, 698 (Fla. 4th DCA 2010). Here, Hall stated in his motion that his attorney “did not handle [his] case properly”; that he “was lied to, pressured, frightened into taking this plea deal”; and that he wished he knew that he “had that option to dismiss [his] lawyer.” This court, in Davis, quoted the Supreme Court of Florida in Sheppard to show what constitutes specific allegations which give rise to an adversarial relationship. Id. The Supreme Court of Florida provided that allegations of misadvice, misrepresentation regarding the plea terms, or coercion to accept a plea must be specifically made. See Sheppard, 17 So.3d at 276-77; Davis, 52 So.3d at 698. In order to be granted an evidentiary hearing on the issue of a plea withdrawal, one must show that he or she had an adversarial relationship with counsel and the allegations made by the defendant must not be refuted by the record. Hall was not even afforded a hearing to show the adversarial relationship with his attorney, which should have been the first step in determining the propriety of his plea entry.
As a result, we hold that the trial court should have first questioned Hall about his relationship with his attorney, pursuant to our supreme court’s discussion in Sheppard. Accordingly, Hall should be granted an evidentiary hearing to first determine the nature of his attorney-client relationship and whether conflict-free counsel should be appointed before the issue of withdrawal of Hall’s plea entry is considered.

Reversed and Remanded.

*294 WARNER, J., concurs specially with opinion.
GERBER, J., dissents with opinion.