# Third District Court of Appeal

**State of Florida**

Opinion filed November 9, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2916
Lower Tribunal No. 97-30157-K
_____

**Ernesto Vega,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Ana M. Davide, for appellant.

Pamela Jo Bondi, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and WELLS and SALTER, JJ.

SALTER, J.

Ernesto Vega appeals the summary denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Mr. Vega's four claims seek relief from his obligation to register as a sexual offender under section 943.0435, Florida Statutes (1997)—a statute which became effective a week after he entered his plea, but which applied to him upon his completion of a period of community control and probation in 2001. The trial court denied the claims as untimely, and we must affirm.

Facts and Procedural History

In 1997, Vega was charged with lewd and lascivious acts on a child (a girl then fourteen years of age) in violation of section 800.04, Florida Statutes (1996). The acts were allegedly committed in 1996 when Vega was 27 years old. On September 15, 1997, Vega entered a plea of guilty to the charge. On September 27, 1997, the trial court entered an order withholding adjudication and placing Vega on community control for a period of one year followed by four years of probation.

Allegedly unbeknownst to Vega at the time he considered and entered his plea, the Florida Legislature's enactment of the sexual offender registration statute, section 943.0435, Florida Statutes (1997), became effective October 1, 1997. The statute was subsequently held to apply retroactively without violating the Ex Post

Facto Clause of the United States Constitution. <u>Givens v. State</u>, 851 So. 2d 813, 814-15 (Fla. 2d DCA 2003), <u>review denied</u>, 917 So. 2d 193 (Fla. 2005).

Vega argues that he should be allowed to withdraw his plea because he did not enter it with an understanding that his name and photograph would be published and placed on the internet as a sexual offender, or that he would have additional reporting duties to the Florida Department of Law Enforcement pursuant to the post-plea statute. In its response, the State asserts that registration and reporting as required by section 943.0435 are merely collateral consequences of his plea, and that his motion was untimely.

The sworn allegations in Vega's motion assert that the victim was his girlfriend at the time; that she became pregnant in 1996 following consensual intercourse with him; that they married in 1997 (with the consent of his girlfriend's parents) and had a total of three children together; and that they are still together in a loving and committed relationship. Vega successfully completed his community control and probation in 2001.

Vega now alleges under oath that, as a result of the sexual offender designation, he cannot take his children to school, cannot attend school functions or ceremonies, and cannot host a birthday party for his children. He has also experienced significant difficulty obtaining employment because of his designation as a sexual offender, making it difficult to provide financial support for his family.

3

The trial court concluded that Vega's motion was untimely, that no evidentiary hearing was required, and that the motion should be denied with prejudice pursuant to Florida Rule of Criminal Procedure 3.850(f)(1). This appeal followed.

Analysis

In Partlow v. State, 840 So. 2d 1040 (Fla. 2003), the Supreme Court of Florida considered the primary argument raised now by Vega: "The issue is whether, after being sentenced for a sexual offense pursuant to a plea of guilty or *nolo contendere*, a defendant may withdraw his plea as involuntary because he was not informed of the sexual offender registration requirement." Id. at 1041. The Court held that "the sexual offender registration requirement is a collateral consequence of the plea, and therefore the failure to inform the defendant of that requirement before he entered the plea does not render the plea involuntary." Id.

Three Justices dissented in Partlow, concluding that the failure to advise a defendant of the potentially lifelong sexual offender registration and reporting requirements of section 943.0435 may render a plea involuntary and subject to withdrawal under Florida Rule of Criminal Procedure 3.170(*l*); such a failure, it was argued in the dissent, "undermines the voluntariness of the plea because the requirement is a direct rather than a collateral consequence." Id. at 1047 (Pariente, J., dissenting). A fourth Justice urged The Florida Bar's Criminal Procedure Rules

4

Committee to consider an amendment to Rule 3.172 "to require courts, before accepting a plea, to inform defendants whenever the sexual offender registration applies." Id. at 1045 (Cantero, J., concurring).[1]

In State v. Wiita, 744 So. 2d 1232 (Fla. 4th DCA 1999), the Fourth District affirmed a trial court order allowing a defendant to withdraw his plea to a sexual offense, though the plea was entered over six years before section 943.0435 became effective.

> Wiita claimed that because section 943.0435 was not in effect at the time he entered his plea agreement, the reporting and publication requirements of the statute were neither contemplated nor made a part of his plea agreement. Based upon these facts, Wiita argued that good cause existed to vacate his plea because it was not entered knowingly or voluntarily.

Id. at 1233.

Wiita, though relied upon by Vega, is distinguishable in several respects. First, Wiita moved to withdraw his plea only eight months after section 943.0435 became effective. In the present case, Vega's motion was filed almost eighteen years after the effective date of the statute, and fourteen years after he became subject to the statutory registration and reporting requirements by virtue of his completion of probation. Second, Wiita established that he and his counsel had

---

[1] In 2005, Rule 3.172 was amended to add section (c)(9) to plea colloquies. That section addresses a defendant's possible subjection in certain cases to "involuntary civil commitment as a sexually violent predator upon completion of his or her sentence." The Rule has not been amended, however, to address sexual offender registration.

negotiated a plea agreement based on express representations that this would allow Wiita to "avoid publicity," an expectation eliminated six years later when Wiita "had publicity thrust upon him due to the requirements of section 943.0435 . . . ." Id. at 1235. Third, Wiita was decided four years before the Supreme Court of Florida comprehensively addressed the issue in Partlow. And finally, the Fourth District upheld the trial court's decision in Wiita based on the "abuse of discretion" standard of review. We cannot say, based on the record in the present case, that the trial court abused its discretion.

With all of that said, one cannot help but question whether the registration and reporting requirements are not a sort of latter-day Scarlet Letter in an unusual case such as this; the offender and his victim married, have raised three children, and seek to work and attend their children's school events twenty years after the offense. The only remedies available to such a family on this record, however, appear to be (1) a petition to remove the sexual offender registration requirement, which in this case cannot be filed before 2026,[2] pursuant to section 943.0435(11), Florida Statutes (2016), or (2) a petition to the Clemency Board of Florida for a full pardon, pursuant to Article IV, Section 8(a), of the Florida Constitution, and

_____

[2] Registration is for the duration of the offender's life unless he or she "has been lawfully released from confinement, supervision, or sanction, whichever is later, for at least 25 years and has not been arrested for any felony or misdemeanor offense since release," and satisfies all other requirements of section 943.0435(11)(a) and (b).

Chapter 940, Florida Statutes (2016).  We express no opinion as to the merits of any such petition, should one be filed.

Affirmed.

Wells, J. (specially concurring).

I agree with the majority's conclusion that the order on appeal must be affirmed. I do so because Vega's motion was untimely and because, even had it been timely filed, it would not have provided any basis for relief. This is so because, as the majority opinion confirms, the sexual offender registration requirement is a collateral consequence of a plea and because sexual offenders like Vega by law are not eligible for relief from the requirements of section 943.0435 for at least twenty-fve years after release from confinement, supervision, or sanction, whichever is later. See Partlow v. State, 840 So. 2d 1040 (Fla. 2003); § 943.0435 (11)(a), Fla. Stat. (2016).

I do not, however, question the wisdom of the registration and reporting requirements imposed by section 943.0435 as applied in this case or otherwise. The law (here section 800.04) makes it a crime for a twenty-seven year old to engage in specified sexual acts with a fourteen year old. See §800.04, Fla. Stat. (2016). The law (section 943.0435) also requires a twenty-seven year old man, such as Vega, who engages in sex with a fourteen year old, such as the victim here, to be designated a sexual offender and to bear all of the burdens that go with it for at least twenty-five years irrespective of his good intentions at the time or his

subsequent "good" behavior. <u>See</u> § 943.0435(11), Fla. Stat. (2016). More particularly, this law provides the means for giving notice to parents that this adult has a history of sexually abusing a child, so that those parents may decide for themselves whether to expose their children to him. § 943.0435(2)(a)2, Fla. Stat. (2016) (requiring sexual offenders to report to a sheriff's office "for registration"); § 943.043, Fla. Stat. (2016) (authorizing the department of law enforcement to notify the public through the Internet and other means of any information not confidential or exempt regarding sexual offenders). Rather than concern that this sex offender now bears a "Scarlet Letter," I take comfort in the fact that the law has provided an avenue for parents to make their own decisions as to the care and protection of their children.